**MEMO ENDORSED**

ATTORNEYS AT LAW

225 LIBERTY STREET, 28TH FLOOR  NEW YORK, NY 10281-1008

www.sedgwicklaw.com   212.422.0202 *phone*   212.422.0925 *fax*

# Sedgwick LLP

Todd D. McCormick
(212) 898-5556
todd.mccormick@sedgwicklaw.com

May 9, 2013

*Via Electronic Mail*
Hon. Andrew L. Carter, Jr., U.S.D.J.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5-15-13
```

Re: Zelouf International Corp. v. Nael, Inc., et al.
    Civ. Act. No. 13-CV-1788 (ALC)(JCF)
    File No.: 00214-009006

Dear Judge Carter:

This office represents the defendant Lito Children's Wear, Inc. ("Lito") in the above-referenced action. Plaintiff Zelouf International Corp. ("Zelouf"), a supplier of fabric to garment manufacturers, asserts four (4) claims for relief against Defendants Lito, Na El, Inc. ("Na El") and Sears Holdings Corp. ("Sears") for copyright infringement.

In accordance with your individual practices, we write on behalf of Lito to arrange a pre-motion conference to discuss a briefing schedule for a proposed motion pursuant to FED. R. CIV. P. 12(b)(3) for an order dismissing Zelouf's Complaint for improper venue, or in the alternative, to transfer venue to the Central District of California pursuant to 28 U.S.C. §§ 1406(a) and 1404(a). We understand that defendant Na El") intends to join Lito's Motion to Dismiss, or alternatively, to Transfer this matter.[1] We simultaneously request an extension of time be granted for Lito and Na El to submit their respective Answers until the Court has an opportunity to rule on the proposed motion.

The proposed motion to dismiss is based on the fact that: (1) venue is not proper in the United States District Court for the Southern District of New York; (2) this matter could have been properly brought in the United States District Court for the Central District of California; and (3) the interests of justice necessitate a transfer of this matter to the Central District of California.

Title 28 U.S.C. § 1391(b) states in pertinent part that "[a] civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is

---

[1] As a wholly separate issue for the Court to decide, we understand that Defendant Na El also intends to assert as a defense that the State of New York lacks personal jurisdiction over it pursuant to FED. R. CIV. P. 12 (b)(2). I further understand that this motion will be based upon Na El's lack of minimum contacts with the forum state and that requiring Na El to litigate in New York would offend the traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Hon. Andrew L. Carter, Jr., U.S.D.J.
Re: Zelouf International Corp. v. Nael, Inc., et al.
    Civ. Act. No. 13-CV-1788 (ALC)(JCF)
May 9, 2013
Page 2

located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situation; . . .."

The Southern District of New York is not a proper venue because none of the defendants reside in the State of New York, and none of the events giving rise to Zelouf's claims occurred in the State of New York, much less the Southern District. Indeed, Defendants Lito and Na El are both California corporations with their principal places of business in the Central District of California. Based upon information and belief, Defendant Sears Holding Corp. ("Sears") is an Illinois corporation with its principal place of business in Hoffman Estates, Illinois. Furthermore, Zelouf's claims arise out of alleged copyrighted fabrics that were sold by Na El and another supplier to Lito in the Central District of California. Indeed, all of the alleged infringing conduct occurred in the Central District, and all of the allegedly infringing products are located in the Central District.

Furthermore, in the alternative, the interest of justice necessitates a transfer of this matter to the Central District of California. In *Amersham Pharmacia Biotech, Inc. v. Perkin–Elmer Corp.*, 11 F.Supp.2d 729, 730 (S.D.N.Y.1998), the Southern District looked to nine factors when determining whether it should exercise its discretion to transfer the matter to a more proper venue "(1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances."

Here, the majority of witnesses to the events alleged in the Complaint are located in the Central District. The documents relevant to Zelouf's claims are primarily located in the Central District. The Central District is a more convenient venue for both Lito and Na El, since their principal places of business are located within the district. Furthermore, there exists another distributor of allegedly infringing patterns that has not yet been named as a defendant in this action, but is also a California corporation with its principal place of business in the Central District. Moreover, requiring Lito and Na El to litigate this matter in the Southern District would cause substantial financial hardship to the respective defendants given the limited resources available to each. Indeed, with the exception of giving deference to plaintiff's choice of forum, none of the above-listed factors weigh in favor of keeping this action venued in the Southern District of New York. Rather, to the extent the other factors have any applicability to this matter, they collectively weigh in favor of a transfer to the Central District of California.

For the foregoing reasons, Defendant Lito respectfully requests a pre-motion conference to discuss a briefing schedule for its proposed motion to dismiss Zelouf's claims against it for copyright infringement.

Thank you for your consideration of this matter.

Respectfully submitted,

s/
Todd D. McCormick (TM 2337)
Sedgwick LLP

TDM

*[Handwritten annotation: A pre-motion conference is scheduled for May 29, 2013 at 3:00 p.m. So Ordered. Andrew L. Carter 5-15-13]*

NY/1264723v1

## CERTIFICATE OF SERVICE

I, Todd D. McCormick, hereby certify and affirm that a true and correct copy of the attached **LETTER** dated **MAY 9, 2013** was served via U.S. Mail and Electronic Mail on this 9th day of May, upon the following:

MICHAEL G. GOLDBERG, Esq.
Pryor Cashman LLP
7 Times Square
New York, NY  10036
Telephone: (212) 421-4100
Facsimile: (212) 326-0806
Email: *mgoldberg@pryorcashman.com*
*Attorney for Plaintiff*

JULIE P. BOOKBINDER, Esq.
Greenberg Traurig LLP
MetLife Building
200 Park Avenue
New York, NY  10166
Telephone:  (212) 801-6948
Facsimile:  (212) 801-6400
Email: *bookbinderj@gtlaw.com*
*Attorney for Sears Holdings Corp.*

SCOTT A. BURROUGHS
Doniger / Burroughs APC
300 Corporate Points, Suite 355
Culver City, CA 90230
Telephone:  (310) 590-1820
Facsimile:  (310) 417-3538
Email: *scott@donigerlawfirm.com*
*Attorney for Na El, Inc.*

s/ _____
Todd D. McCormick (TM 2337)

Dated:   New York, New York
         May 9, 2013

NY/1264723v1