

# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806

www.pryorcashman.com

**Michael G. Goldberg**
**Partner**
Direct Tel: (212) 326-0244
Direct Fax: (212) 798-6338

July 23, 2013

**VIA ELECTRONIC MAIL**

Hon. Andrew L. Carter, Jr.
United States District Judge
U.S. District Court – Southern District of New York
500 Pearl Street, Room 725
New York, NY  10007

Re:   *Zelouf International Corp. v. Lito et al.*, **No. 13 CV 1788 (ALC) (JCF)**

Dear Judge Carter:

    As the Court is aware, this firm represents plaintiff Zelouf International Corp. ("Zelouf") in connection with the above-referenced copyright infringement matter.  Pursuant to your direction during the teleconference held on July 16, 2013, we submit this letter motion in support of Zelouf's request for limited discovery in order to oppose the motion to dismiss filed by defendant Na El, Inc. ("Na El") based upon an alleged lack of jurisdiction.

    By way of background, Zelouf designs, manufactures and sells textile fabrics, and has a well-earned reputation for offering high quality fabric bearing original and distinctive textile designs.  Defendant Na El is the entity that sold fabric bearing two of the four infringing designs in this case to defendant Lito Children's Wear, Inc. ("Lito"), which in turn manufactured and sold garments directly to consumers and through retailers located across the country, including in this judicial district.  While Lito has conceded jurisdiction, Na El has asserted that it is located in California, and is not subject to jurisdiction in New York.

    Pursuant to the Court's direction at the conference held on May 29, 2013, counsel for defendant Na El, Inc. ("Na El") filed its motion to dismiss based upon a purported lack of jurisdiction.  Also pursuant to the Court's direction the undersigned reviewed the moving papers and determined the scope of discovery necessary to oppose the jurisdictional motion.  I then spoke with counsel for Na El in an effort to agree on the extent of the required discovery.  All counsel then participated in the conference call with the Court on July 16, 2013.

1248484

**PRYOR CASHMAN LLP**

Hon. Andrew L. Carter, Jr.
July 23, 2013
Page 2

As indicated during that teleconference, Michael Steger, Esq., counsel for Na El, and I agreed that Na El would produce all documents concerning any and all connections with New York with respect to Na El's creation or acquisition of the designs which are the subject of the lawsuit. Na El also agreed to produce all documents regarding the manufacture of the fabric at issue and the sale, solicitation for sale and delivery of fabric or products bearing designs similar to those in the Complaint, to the extent there are any connections with New York. These documents are obviously relevant, and will confirm whether Na El is subject to long-arm jurisdiction pursuant to CPLR §302(a)(1). Unfortunately, Na El is unwilling to produce other documents that are critical to Zelouf's opposition to the motion to dismiss.

It is not disputed in this case, and this Court has already noted, that discovery should be granted where questions of jurisdiction are controverted or more facts are necessary to evaluate the issue. It is similarly clear that Courts are afforded wide discretion to permit reasonable jurisdictional discovery. *See Bonita Fabrics, Inc. v. Anand*, No. 12 Misc. 408 (RWS), 2013 U.S. Dist. LEXIS 57641 (S.D.N.Y. Apr. 19, 2013); *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899 (2d Cir. 1981).

Although the majority of Na El's motion to dismiss focuses on CPLR § 301 and 302 (a)(1), it appears virtually certain that Na El is actually subject to jurisdiction in New York pursuant to CPLR § 302(a)(3). Specifically, a Court may properly exercise jurisdiction over a party that commits a tortious act outside of New York causing injury to persons or property in New York if that party either, "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect to have consequences in the state and derives substantial revenue from interstate or international commerce." CPLR § 302(a)(3).

Extensive case law supports a finding of jurisdiction under the circumstances of our case. For example, where intellectual property is infringed outside of the state and the owner of the infringed property resides in the state, and either the defendant regularly does business in New York or should reasonably expect its infringement to have consequences in the state and derives substantial revenue from interstate or international commerce, that party is subject to jurisdiction in New York pursuant to CPLR § 302(a)(3)(i) or (ii). *See Design Tex Group, Inc. v. U.S. Vinyl Mfg. Corp.*, No. 04 Civ. 5002 (JSR), 2005 U.S. Dist. LEXIS 2143 (S.D.N.Y. Feb. 14, 2005); *McGraw-Hill Cos., Inc. v. Ingenium Techs. Corp.*, 375 F. Supp. 2d 252 (S.D.N.Y. 2005); *Gucci Am., Inc. v. Frontline Processing Corp.*, 721 F. Supp. 2d 228 (S.D.N.Y. 2010); *Comptoir de L'Industrie Textile de France v. Fiorucci, Inc.*, No. 78 Civ. 3923 (HFW), 1979 U.S. Dist. LEXIS 13022 (S.D.N.Y. Apr. 17, 1979).

In this case, Na El's sale of infringing fabric constituted a tortious act which took place outside of New York, and caused injury to Zelouf, the owner of the copyrights, in New York. If Na El regularly does or solicits business here or derives substantial revenue from sales here,

**PRYOR CASHMAN LLP**

Hon. Andrew L. Carter, Jr.
July 23, 2013
Page 3

jurisdiction in New York would be proper. Thus, documents regarding all of Na El's solicitations, sales and related activities in New York, as well as all documents concerning all revenues derived here, bear directly upon the jurisdictional analysis under CPLR § 302(a)(3)(i). Accordingly, any and all such documents should be produced by Na El.

Moreover, the facts strongly suggest that Na El was fully aware that Lito was purchasing the infringing fabric in order to manufacture garments for resale throughout the United States via the internet and to retailers throughout the country. Having injected allegedly infringing fabric into the stream of commerce which it knew (or clearly should have known) would be incorporated into garments sold in New York, Na El should expect to be subject to jurisdiction here if it derives substantial revenue from interstate or international commerce.

Accordingly, the balance of the documents which Na El refuses to produce, including documents reflecting its interstate and international business (expressed as a gross number and as a percentage or its overall sales), and documents concerning its sales to Lito and its knowledge of Lito's business, are directly relevant to the issue of jurisdiction pursuant to CPLR § 302(a)(3)(ii). As such, these documents are necessary to oppose Na El's motion to dismiss, and should be produced. Na El has not offered any explanation, credible or otherwise, why it should not be directed to produce all of these critical documents.

For its part, Zelouf has worked diligently to be fair and reasonable, and to request only those documents which bear directly on the jurisdictional defenses raised by Na El. In addition to these documents, Zelouf requests a single deposition of a witness with knowledge to test the veracity of the statements contained in the Declaration filed by Na El in support of its motion to dismiss and, *inter alia*, to answer questions regarding its business within and outside of California, its knowledge that the fabric it was selling was destined for sale throughout the United States, including in the Southern District of New York, and other issues relevant to the jurisdictional analysis under CPLR § 302(a)(3).

We thank the Court in advance for its consideration of the instant motion seeking an Order directing that Na El produce all documents concerning or related to jurisdiction pursuant to CPLR § 302(a)(3), as outlined above, together with a single deposition of the principal of Na El to be taken in this judicial district.

Respectfully,

Michael G. Goldberg

cc:   Todd D. McCormick, Esq. (via e-mail)
      Julie Bookbinder, Esq. (via e-mail)
      Scott A. Burroughs, Esq. (via email)