# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806

www.pryorcashman.com

**Michael G. Goldberg**
Partner
Direct Tel: (212) 326-0244
Direct Fax: (212) 798-6338

## MEMO ENDORSED

July 23, 2013



**VIA ELECTRONIC MAIL**

Hon. Andrew L. Carter, Jr.
United States District Judge
U.S. District Court – Southern District of New York
500 Pearl Street, Room 725
New York, NY 10007

Re:   *Zelouf International Corp. v. Lito et al.*, No. 13 CV 1788 (ALC) (JCF)

Dear Judge Carter:

     As the Court is aware, this firm represents plaintiff Zelouf International Corp. ("Zelouf") in connection with the above-referenced copyright infringement matter. Pursuant to your direction during the teleconference held on July 16, 2013, we submit this letter motion in support of Zelouf's request for limited discovery in order to oppose the motion to dismiss filed by defendant Na El, Inc. ("Na El") based upon an alleged lack of jurisdiction.

     By way of background, Zelouf designs, manufactures and sells textile fabrics, and has a well-earned reputation for offering high quality fabric bearing original and distinctive textile designs. Defendant Na El is the entity that sold fabric bearing two of the four infringing designs in this case to defendant Lito Children's Wear, Inc. ("Lito"), which in turn manufactured and sold garments directly to consumers and through retailers located across the country, including in this judicial district. While Lito has conceded jurisdiction, Na El has asserted that it is located in California, and is not subject to jurisdiction in New York.

     Pursuant to the Court's direction at the conference held on May 29, 2013, counsel for defendant Na El, Inc. ("Na El") filed its motion to dismiss based upon a purported lack of jurisdiction. Also pursuant to the Court's direction the undersigned reviewed the moving papers and determined the scope of discovery necessary to oppose the jurisdictional motion. I then spoke with counsel for Na El in an effort to agree on the extent of the required discovery. All counsel then participated in the conference call with the Court on July 16, 2013.

1248484



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7-31-13

# PRYOR CASHMAN LLP

Hon. Andrew L. Carter, Jr.
July 23, 2013
Page 2

      As indicated during that teleconference, Michael Steger, Esq., counsel for Na El, and I agreed that Na El would produce all documents concerning any and all connections with New York with respect to Na El's creation or acquisition of the designs which are the subject of the lawsuit. Na El also agreed to produce all documents regarding the manufacture of the fabric at issue and the sale, solicitation for sale and delivery of fabric or products bearing designs similar to those in the Complaint, to the extent there are any connections with New York. These documents are obviously relevant, and will confirm whether Na El is subject to long-arm jurisdiction pursuant to CPLR §302(a)(1). Unfortunately, Na El is unwilling to produce other documents that are critical to Zelouf's opposition to the motion to dismiss.

      It is not disputed in this case, and this Court has already noted, that discovery should be granted where questions of jurisdiction are controverted or more facts are necessary to evaluate the issue. It is similarly clear that Courts are afforded wide discretion to permit reasonable jurisdictional discovery. *See Bonita Fabrics, Inc. v. Anand*, No. 12 Misc. 408 (RWS), 2013 U.S. Dist. LEXIS 57641 (S.D.N.Y. Apr. 19, 2013); *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899 (2d Cir. 1981).

      Although the majority of Na El's motion to dismiss focuses on CPLR § 301 and 302 (a)(1), it appears virtually certain that Na El is actually subject to jurisdiction in New York pursuant to CPLR § 302(a)(3). Specifically, a Court may properly exercise jurisdiction over a party that commits a tortious act outside of New York causing injury to persons or property in New York if that party either, "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect to have consequences in the state and derives substantial revenue from interstate or international commerce." CPLR § 302(a)(3).

      Extensive case law supports a finding of jurisdiction under the circumstances of our case. For example, where intellectual property is infringed outside of the state and the owner of the infringed property resides in the state, and either the defendant regularly does business in New York or should reasonably expect its infringement to have consequences in the state and derives substantial revenue from interstate or international commerce, that party is subject to jurisdiction in New York pursuant to CPLR § 302(a)(3)(i) or (ii). *See Design Tex Group, Inc. v. U.S. Vinyl Mfg. Corp.*, No. 04 Civ. 5002 (JSR), 2005 U.S. Dist. LEXIS 2143 (S.D.N.Y. Feb. 14, 2005); *McGraw-Hill Cos., Inc. v. Ingenium Techs. Corp.*, 375 F. Supp. 2d 252 (S.D.N.Y. 2005); *Gucci Am., Inc. v. Frontline Processing Corp.*, 721 F. Supp. 2d 228 (S.D.N.Y. 2010); *Comptoir de L'Industrie Textile de France v. Fiorucci, Inc.*, No. 78 Civ. 3923 (HFW), 1979 U.S. Dist. LEXIS 13022 (S.D.N.Y. Apr. 17, 1979).

      In this case, Na El's sale of infringing fabric constituted a tortious act which took place outside of New York, and caused injury to Zelouf, the owner of the copyrights, in New York. If Na El regularly does or solicits business here or derives substantial revenue from sales here,

**PRYOR CASHMAN LLP**

Hon. Andrew L. Carter, Jr.
July 23, 2013
Page 3

jurisdiction in New York would be proper. Thus, documents regarding all of Na El's solicitations, sales and related activities in New York, as well as all documents concerning all revenues derived here, bear directly upon the jurisdictional analysis under CPLR § 302(a)(3)(i). Accordingly, any and all such documents should be produced by Na El.

Moreover, the facts strongly suggest that Na El was fully aware that Lito was purchasing the infringing fabric in order to manufacture garments for resale throughout the United States via the internet and to retailers throughout the country. Having injected allegedly infringing fabric into the stream of commerce which it knew (or clearly should have known) would be incorporated into garments sold in New York, Na El should expect to be subject to jurisdiction here if it derives substantial revenue from interstate or international commerce.

Accordingly, the balance of the documents which Na El refuses to produce, including documents reflecting its interstate and international business (expressed as a gross number and as a percentage or its overall sales), and documents concerning its sales to Lito and its knowledge of Lito's business, are directly relevant to the issue of jurisdiction pursuant to CPLR § 302(a)(3)(ii). As such, these documents are necessary to oppose Na El's motion to dismiss, and should be produced. Na El has not offered any explanation, credible or otherwise, why it should not be directed to produce all of these critical documents.

For its part, Zelouf has worked diligently to be fair and reasonable, and to request only those documents which bear directly on the jurisdictional defenses raised by Na El. In addition to these documents, Zelouf requests a single deposition of a witness with knowledge to test the veracity of the statements contained in the Declaration filed by Na El in support of its motion to dismiss and, *inter alia*, to answer questions regarding its business within and outside of California, its knowledge that the fabric it was selling was destined for sale throughout the United States, including in the Southern District of New York, and other issues relevant to the jurisdictional analysis under CPLR § 302(a)(3).

We thank the Court in advance for its consideration of the instant motion seeking an Order directing that Na El produce all documents concerning or related to jurisdiction pursuant to CPLR § 302(a)(3), as outlined above, together with a single deposition of the principal of Na El to be taken in this judicial district.

Respectfully,

Michael G. Goldberg

cc: Todd D. McCormick, Esq. (via e-mail)
Julie Bookbinder, Esq. (via e-mail)
Scott A. Burroughs, Esq. (via email)

*[Handwritten note:]* A telephone status conference is scheduled for 8-5-13 at 4:00 p.m. Plaintiff's counsel to initiate the call and conference in the Court at (212) 805-0141 after all participants are on the line. So Ordered.

*[Signed:]* Andrew L. Carter
7-31-13

# STEGER KRANE LLP

| 1601 Broadway, 12th Floor | 30 Ramland Road, Suite 201 |
| New York, NY 10019 | Orangeburg, NY 10962 |
| (212) 736-6800 | (845) 359-4600 |
| msteger@skattorney.com | (845) 689-2155 (fax) |

www.skattorney.com



RECEIVED JUL 30 2013 ANDREW L. CARTER, JR. U.S. DISTRICT JUDGE S.D.N.Y.

*Sent Via Electronic Mail*
Hon. Andrew L. Carter, Jr.
United States District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Zelouf International Corp. v. Lito et al.*, No. 13 CV 1788 (ALC) (JCF)

Dear Judge Carter:

This firm represents Defendant Na El, Inc. ("Na El"), in connection with the above-referenced action. We oppose Plaintiff Zelouf International Corp. ("Zelouf")'s letter motion seeking an order compelling additional documentation and deposition of a principal of Na El for purposes of determining jurisdiction within this district (the "Motion"). As set forth below, because Na El has already agreed in good faith to produce documents sufficient to determine the propriety of personal jurisdiction over it in this district, because it has provided a sworn declaration from its President which covers all topics sought by Zelouf's Motion, and because the requested discovery is duplicative, overbroad, and unreasonable, the Motion to compel further documentation and deposition testimony must not be granted.

Although Courts are afforded much discretion in permitting jurisdictional discovery, the scope of such discovery must be reasonable. *See Bonita Fabrics, Inc. v. Anand*, No. 12 Misc. 408 (RWS), 2013 U.S. Dist. LEXIS 57641 (S.D.N.Y. Apr. 19, 2013). Indeed, a court is not required to subject a foreign corporation to jurisdictional discovery where the proposed discovery, even if permitted, would not uncover facts sufficient to sustain jurisdiction. *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185-86 (2d Cir. 1998). Additionally, it has been held that facts sought in jurisdictional discovery should be limited to the time period in which the alleged harm or contact(s) alleged to substantiate jurisdiction took place. *See Kiobel v. Royal Dutch Petroleum Co.* 02-CV-7618-KWM (HBP) (S.D.N.Y. 2009) Dkt. No. 304 (granting jurisdictional discovery for the "period most relevant to an assessment" of the alleged contacts with the forum). The scope of jurisdictional discovery Zelouf seek to compel runs afoul of these standards. It follows that the Motion must be denied.

Na El has agreed to produce documents that will sufficiently answer the jurisdictional inquiry, and the Court should compel no further discovery. As Zelouf mentions in its Motion, the parties' counsel conferred over a week prior to the July 16, 2013 conference call with the Court, and Na El has agreed to produce, "**all documents** concerning **any and all connections with New York** with respect to Na El's creation or acquisition of the designs which are the subject of the lawsuit," as well as, "**all documents** regarding the manufacture of the fabric at issue and the sale, solicitation for sale and delivery of fabric or products bearing designs similar to those in the Complaint, **to the extent there are any connections with New York**." Motion, p. 2 (emphasis added). This is a virtually exhaustive list of documents detailing Na El's connection with New York regarding the allegedly infringing design at issue. It is certainly sufficient to determine if Na El has sufficient minimum contacts with New York such as to make jurisdiction over Na El proper within this district. *See* CPLR §§ 301-302; Na El's Mtn. to Dismiss, pp. 8-10.

However, Zelouf's Motion seeks this Court to compel Na El to produce even more documents reflecting all of its interstate and international business and documents concerning all of Na El's transactions with Co-Defendant Lito Children's Wear, Inc. ("Lito"). Motion p. 1. In light of Na El's agreement to provide documents, these additional demands are fatally overbroad, harassing, and bear no reasonable relationship to the determination of whether personal jurisdiction lies over Na El in New York. Thus, no further facts sufficient to sustain jurisdiction will be uncovered by compelling their production. To the extent documents regarding Na El's business dealings with Lito reflect *any and all* connections with New York, Na El has also already agreed to produce such documents. *Id.* Further still, Zelouf's additional requests are overbroad in not being limited to the relevant period of the alleged infringements in this action. Therefore, Zelouf's additional document requests are unreasonable and compelling the production of these documents must not be granted.

Zelouf also seeks to compel a deposition of Na El, despite Na El's submission of a signed declaration by Na El's president which covers all pertinent topics to determine if Na El is subject to personal jurisdiction in New York. *See* Pltf's Mtn. to Dismiss, Saghian Declaration ("Saghian Decl."). Where a party submits an affidavit sufficient to preclude a jurisdictional question of fact, a court should deny a request to take a deposition inquiring into the same subject matter. *See, e.g., H.L. Moor Drug Exchange, Inc. v. Smith, Kline and French Laboratories,* 384 F.2d 97 (2nd Cir. 1967)(where court found that no issue of fact was raised by motion to quash service of summons and to dismiss complaint supported by signed affidavits, court did not abuse its discretion in denying plaintiff leave to take defendant's deposition as to defendant's doing business within jurisdiction.) Zelouf seeks to conduct a deposition of Na El to "test the veracity" of Na El's filed declaration, but the declaration was a sworn statement made under oath by the exact sort of corporate officer Zelouf seeks to depose. This sworn statement is sufficient to assess the aptness of this Court's personal jurisdiction over Na El, and any further deposition would merely provide duplicative information. Compelling such cyclical testimony during limited jurisdictional discovery is unreasonable.

Zelouf further seeks to obtain information via deposition regarding Na El's business dealings not only with New York but California as well, and to discover "other issues relevant to the jurisdictional analysis." Motion, p. 3. Ignoring the overly broad and impermissibly general deposition subject matters Zelouf seeks, the Court should deny its request for a jurisdictional discovery deposition, since any remaining "issues relevant to the jurisdictional analysis" will be addressed in the documents Na El has agreed to provide, and will not be answered with a limitless inquiry into Na El's California business. *See, e.g., Sayles v. Pac. Eng'g & Constructors, Ltd.,* 2012 U.S. Dist LEXIS 35244 (W.D.N.Y. 2012) Dkt. No. 113, p. 10 (court denied compelling any deposition testimony during jurisdictional discovery, since topics to be covered in depositions were already covered in paper discovery to be produced, noting: "there is no need for deposition as well for this "limited" jurisdictional discovery."). Forcing a corporate officer (which will likely be the same who has already provided a sworn statement regarding Na El's contacts with new York) to travel cross-country from Na El's headquarters in Los Angeles for a deposition on an impermissibly broad and vague array of subjects well outside of the scope of determining contacts with New York, if not already covered in the documents to be produced by Na El, would be excessive, burdensome, and thus unreasonable. Zelouf must not be allowed to expand the limited scope of jurisdictional discovery and engage in a wild goose chase to support its flawed jurisdictional claim. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL,* 673 F.3d 50, 59 (2d Cir. 2012) (court ""will not draw 'argumentative inferences' in the plaintiff's favor" and need not "accept as true a legal conclusion couched as factual allegation")(citations omitted).

Finally, Zelouf's additional document and deposition requests are superfluous even under the standard of CPLR §302(a)(3). Zelouf claim that Na El would be subject to jurisdiction in this Court where there was out-of-state infringement of a New York resident's intellectual property "and either the defendant regularly does business in New York or should reasonably expect its infringement to have consequences in the state and derives substantial revenue from interstate or international commerce . . ." Motion, p. 2, misstates the standards of Section 302(a)(3)(ii) as applied by federal courts. Courts in the Second Circuit has held that in addition to demonstrating both that the defendant "expects or should reasonably expect the actions to have consequences in the state" and that it "derives substantial revenue from interstate or international commerce", "[t]here must also be proof that the out-of state defendant has the requisite 'minimum contacts' with the forum state and that the prospect of defending a suit here comports with 'traditional notions of fair play and substantial justice,' as required by the Federal Due Process Clause." *Digiprotect USA Corp. v. John/Janes Does. 1-266*, No. 10-CV-8759 at 7-8 (S.D.N.Y. 2011), citing *Penguin Group (USA) Inc. v. American Buddha*, 16 N.Y.3d 295, 307, 946 N.E.2d 159,165, 921 N.Y.S.2d 171,177 (N.Y. 2011). In addition to its inability to prove the requisite minimum contacts with New York, Zelouf cannot show that Na El expected any of its sales of the allegedly infringing goods to have any effect on anyone in New York.

Na El has agreed to produce any and all documents reflecting any connection with New York for the transactions giving rise to this action. The Court will be able to

determine if Na El either "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state," or "expects or should reasonably expect to have consequences in the state and derives substantial revenue" from interstate commerce. CPLR § 302(a)(3). As provided in the Saghian Decl., ¶¶ 3-5, the only business Na El conducted with New York at all, was done from 2012-2013, after the period in which the allegedly infringing sales took place (2010-2011), and accounted for less than 5% of Na El's total business during that time period. Indeed, all aspects of Na El's transactions with Lito regarding the allegedly infringing fabric at issue were conducted and executed in California. *Id.* at ¶ 4. Zelouf's rhetoric notwithstanding, these contacts fall well short of the CPLR § 302(a)(3) standard,

In fact, several recent cases with virtually identical facts have been dismissed for lack of personal jurisdiction or else transferred to a different venue. *See e.g. L.A. Printex v. M and A Imports Ltd., et al.,* CV 13-02233 BRO (MANx) (C.D.CA 2013) Dkt. No. 35 (court grants transfer of venue from Central District of California to Southern District of New York, and denies plaintiff's request for jurisdictional discovery, finding that conclusory allegations that New York clothing retailer defendant infringed Los Angeles based plaintiff's proprietary textile design were too attenuated because defendant was not incorporated, registered to do business, or licensed with any government entities in California; had not appointed any agent for service of process in California; never paid taxes or made regulatory filings in California, had no retail space in California; and did not sell the infringing goods to a customer in California.); *Matrix, Inc. v. Midthrust Imports Inc., et al.,* CV 13-01278 GAF (SPx) (C.D.CA 2013) Dkt. No. 21 (court grants New York-based defendant's motion to dismiss for lack of personal jurisdiction on grounds that simply buying and selling fabric affixed with design alleged to infringe California-based plaintiff's copyrighted textile design did not amount to "purposeful direction" towards the forum state, and thus personal jurisdiction was inappropriate, despite the existence of previous contracts between defendant and plaintiff, since all transactions relating to the design at issue were consummated in New York by New York sales staff, and all of defendant's business offices were in New York.)

Given the foregoing, Na El respectfully requests that the Court deny Zelouf's for an order compelling additional jurisdictional discovery beyond what Na El has already agreed to produce.

          Respectfully submitted,

          /s/ Michael D. Steger
          Michael D. Steger

cc:    Michael Goldberg, Esq.
       Todd McCormick, Esq.
       Scott Burroughs, Esq.