Michael G. Goldberg (MG-2135)
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Tel. (212) 421-4100
Fax. (212) 326-0806
mgoldberg@pryorcashman.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZELOUF INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> - against - <br><br> NAEL, INC., LITO CHILDREN'S WEAR, INC. and SEARS HOLDINGS CORP., <br><br> Defendants. | Index No.: 13-CV-01788-ALC-JCF |

### PLAINTIFF'S MEMORANDUM OF LAW
### IN OPPOSITION TO MOTION TO DISMISS

*Of Counsel:*
    Michael G. Goldberg

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................1

FACTS ....................................................................................................................................2

    Design No. 8933 ..............................................................................................................2

    Design No. PLD 6676 ......................................................................................................3

ARGUMENT ..........................................................................................................................4

    I.   NA EL'S MOTION TO DISMISS FOR
        LACK OF JURISDICTION SHOULD BE DENIED ..........................................4

        A.  Na El Is Subject to Long-Arm Jurisdiction.................................................4

        B.  Due Process Requirement Are Also Satisfied by the Exercise of Jurisdiction..............8

            (i)  Minimum contacts ............................................................................8

            (ii) Reasonableness ................................................................................9

    II.  THE MOTION TO TRANSFER
         IS TO BE DETERMINED AT A SUBSEQUENT DATE...............................10

CONCLUSION ....................................................................................................................11

## TABLE OF AUTHORITIES

**CASES**                                                                                                           **PAGE(s)**

*A.I. Int'l Corp. Holdings, Inc. v. Surgicare, Inc.*,
   No. 03 Civ. 2481 (MBM), 2003 U.S. Dist. LEXIS 20561
   (S.D.N.Y. Nov. 17, 2003) .................................................................................................10

*American Network v. Access America/Connect Atlanta*,
   975 F. Supp. 494 (S.D.N.Y. 1997) ...................................................................................6

*Arrow Electrics, Inc. v. Ducommun, Inc.*,
   724 F. Supp. 264 (S.D.N.Y. 1989) .................................................................................10

*Austin v. International Brotherhood of Teamsters-Airline Division*,
   739 F. Supp. 206 (S.D.N.Y. 1990) .................................................................................10

*Bensusan Restaurant Corp. v. King*,
   126 F.3d 25 (2d Cir. 1997) ...............................................................................................7

*Citigroup Inc. v. City Holding Co.*,
   97 F. Supp. 2d 549 (S.D.N.Y. 2000) ................................................................................5

*DealTime.com Ltd. v. McNulty*,
   123 F. Supp. 2d 750 (S.D.N.Y. 2000) ............................................................................10

*Design Tex Group, Inc. v. U.S. Vinyl Mfg. Corp.*,
   No. 04 Civ. 5002 (JSR), 2005 U.S. Dist. LEXIS 2143 (S.D.N.Y. Feb. 14, 2005) ..........5, 6

*Gucci America, Inc. v. Frontline Processing Corp.*,
   721 F. Supp. 2d 228 (S.D.N.Y. 2010) .....................................................................*passim*

*Kernan v. Kurz-Hastings*,
   175 F.3d 236 (2d Cir. 1999) ....................................................................................5, 8, 9

*LaMarca v. Pak-Mor Manufacturing Co.*,
   95 N.Y.2d 210, 713 N.Y.2d 304 (2000) .......................................................................4, 6

*McGraw-Hill Cos. v. Ingenium Technologies Corp.*,
   375 F. Supp. 2d 252 (S.D.N.Y. 2005) ..........................................................................5, 6

*Metropolitan Life Insurance Co. v. Robertson-Ceco Corp.*,
   84 F.3d 560 (2d Cir. 1996) ...............................................................................................9

*O'Brien v. Goldstar Technology, Inc.*,
   812 F. Supp. 383 (W.D.N.Y. 1993) ...............................................................................10

**CASES**                                                                                                     **PAGE(s)**

*PDK Laboratories, Inc. v. Friedlander*,
    103 F.3d 1105 (2d Cir. 2001)......................................................................................4

*Parker Waichman Alonoso LLP v. Orlando Firm, P.C.*,
    No. 09 Civ. 7401 (CM), 2010 U.S. Dist. LEXIS 47957 (S.D.N.Y. May 14, 2010)........7, 8

*Payne v. Taylor Vision Resources*,
    No. Civ. 3:02CV2234 (AWT), 2003 U.S. Dist. LEXIS 16690
    (D. Conn. Sept. 22, 2003) ........................................................................................10

*Sole Resort, S.A. de C.V. v. Allure Resorts Management, LLC*,
    450 F.3d 100 (2d Cir. 2006)...................................................................................4, 5

**STATUTES**

CPLR §302(a)(3)(ii)..............................................................................................................1, 4

Fed. R. Civ. P. 12(b)(6)...........................................................................................................1

17 U.S.C. §101 *et. seq*..........................................................................................................2, 3

28 U.S.C. §1404(a) .............................................................................................................1, 10

## PRELIMINARY STATEMENT

Plaintiff, Zelouf International Corp. ("Zelouf" or "Plaintiff"), respectfully submits this Memorandum of Law in opposition to the motion filed by defendant Na El, Inc. ("Na El") to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) or transfer the action pursuant to 28 U.S.C. §1404(a). For the reasons enumerated below, Na El's motion should be denied in all respects.

This is a copyright infringement action seeking redress for Na El's infringement of two separate and distinct textile designs owned by Zelouf. Na El sold fabric bearing the two infringing designs to defendant Lito Children's Wear, Inc. ("Lito"), a garment manufacturer which Na El knew sold garments throughout the United States, including in New York.[1]

Na El attempts to divert this Court's attention by moving to dismiss on the basis that Na El sold the fabric at issue in California, and has little direct contact with the State of New York. However, it is unequivocally clear that Na El is subject to long-arm jurisdiction in this judicial district pursuant to CPLR §302(a)(3)(ii), a point which Na El neglected to even address in its moving papers. Specifically, as set forth more fully hereinafter, Na El sold infringing fabric in California to an entity that manufactures apparel for resale throughout the country, including in New York. The sale of that infringing merchandise in New York and elsewhere caused injury to Zelouf, a New York entity, in this judicial district. Given that Na El knew or should have reasonably expected that its misconduct would have consequences in this state, and since Na El derives substantial revenue from both interstate and international commerce, Na El is subject to long-arm jurisdiction in New York. Accordingly, Na El's motion to dismiss should be denied.

---

[1] Lito, another California corporation, does not dispute that it is subject to jurisdiction in this judicial district.

## FACTS

Zelouf is a New York Corporation that is engaged in the business of designing, manufacturing and selling textile fabrics. As part of its business, Zelouf has its own design staff to create new and current textile designs, and also shops the worldwide market to acquire other textile designs. Given this substantial investment of time and resources, Zelouf has a well-earned reputation of supplying some of the most creative, current and marketable fabrics in the apparel industry.

Based upon the evidence produced to date, Na El supplied fabric bearing two original Zelouf designs to defendant Lito, who in turn manufactured and then sold substantial quantities of children's apparel bearing the infringing fabric throughout the country, including in New York.

**Design No. 8933**

Design No. 8933 is an original design created by Zelouf and subsequently published in or about September 2009 (the "8933 Design"). Zelouf complied in all respects with the Copyright Act of 1976, 17 U.S.C. §101 *et. seq.*, and duly registered the 8933 Design for copyright protection in the United States Copyright Office under Registration No. VA 1-717-981, issued April 9, 2010. The Registration is Exhibit C to Complaint filed in this action, which Complaint is annexed to the Declaration of Michael Goldberg, Esq. dated November 1, 2013 (hereinafter "Goldberg Decl.") as Exhibit "A." Zelouf made sales and distributed samples of fabric bearing its 8933 Design, and thus Na El had access to the design.

Subsequent to registration of the 8933 Design by Zelouf, Na El supplied fabric to Lito which is identical, or nearly identical, to the 8933 Design, and Lito then manufactured girl's holiday dresses bearing that fabric. A printout of an advertisement for the Lito product is Exhibit

2

D to the Complaint, which is annexed to the Goldberg Decl. as Exhibit "A". A comparison of Zelouf's 8933 Design and the Lito product bearing the Na El fabric confirms that the two designs appear to be identical, and establishes a likelihood of willful infringement on the part of Na El.

**Design No. PLD 6676**

Design No. PLD 6676 is an original design created by Zelouf and subsequently published in or about December 2006 (the "6676 Design"). Zelouf complied in all respects with the Copyright Act of 1976, 17 U.S.C. §101 *et. seq.*, and duly registered the 6676 Design for copyright protection in the United States Copyright Office under Registration No. VA 1-824-285, issued June 18, 2012. The Registration is Exhibit G to the Complaint, which is annexed to the Goldberg Decl. as Exhibit "A." Zelouf made sales and distributed samples of fabric bearing its 6676 Design, and thus Na El had access to the design.

Subsequent to registration of the 6676 Design by Zelouf, Na El supplied fabric to Lito which is identical, or nearly identical, to the 6676 Design, and Lito then manufactured girl's holiday dresses bearing that fabric. A printout of an advertisement for the Lito product is Exhibit H to the Complaint, which is annexed to the Goldberg Decl. as Exhibit "A". A comparison of Zelouf's 6676 Design and the Lito product bearing the Na El fabric confirms that the two designs appear to be identical, and establishes a high likelihood of willful infringement on the part of Na El.

* * * *

Na El has failed and refused to offer any explanation as to how it subsequently arrived at and sold to Lito fabric bearing designs that are identical or virtually identical to Zelouf's 8933 Design and 6676 Design. Rather, in an effort to avoid responsibility for its misconduct, Na El

3

has filed a motion to dismiss which is entirely without merit, and fails to even address the basis for long-arm jurisdiction asserted by Zelouf.

## ARGUMENT

### POINT I

### NA EL'S MOTION TO DISMISS FOR LACK OF JURISDICTION SHOULD BE DENIED

**A.    Na El Is Subject to Long-Arm Jurisdiction**

"'Where a defendant resides outside the forum state, a federal court applies the forum state's personal jurisdiction rules if the federal statute does not specifically provide for national service of process.'" *Gucci Am., Inc. v. Frontline Processing Corp.*, 721 F. Supp. 2d 228, 240 (S.D.N.Y. 2010), quoting *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 2001). Accordingly, this Court applies New York's personal jurisdiction rules.

New York's long-arm jurisdiction statute provides for jurisdiction over non-domiciliaries under several circumstances, including where a defendant "3. commits a tortious act without the state causing injury to person or property within the state… if he…(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." CPLR § 302(a)(3)(ii).

Case law interpreting this provision provides as follows:

> Jurisdiction pursuant to § 302(a)(3)(ii) is predicated on five elements: "(1) [t]he defendant committed a tortious act outside the state; (2) the cause of action arose from that act; (3) the act caused injury to a person or property within the state; (4) the defendant expected or should reasonably have expected the act to have consequences in the state; (5) the defendant derives substantial revenue from interstate or international commerce."

*Gucci Am., Inc.*, 721 F. Supp. 2d at 241, quoting *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 106 (2d Cir. 2006) (citing *LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d

210, 214, 713 N.Y.2d 304 (2000)); *see also Kernan v. Kurz-Hastings,* 175 F.3d 236, 241 (2d Cir. 1999). Each of the five elements is unequivocally satisfied given the facts of this case.

Initially, there is no dispute that the sale of the fabric bearing the 8933 and 6676 Designs took place outside of New York (namely in California). Moreover, the law is clear that a plaintiff "need not actually prove that defendant committed a tort" to satisfy the first element, "but rather need only state a colorable cause of action." *Gucci Am., Inc.,* 721 F. Supp. 2d at 240, citing *Sole Resort,* 450 F.3d at 106. There is similarly no question based upon a review of the complaint that the infringement claims against Na El arose from those sales of the infringing fabric to Lito in California. Indeed, the first two elements are acknowledged in Na El's moving papers.

As for the third element, Zelouf is a New York Corporation with a principal place of business located in this judicial district. Given that Zelouf and its intellectual property are based in New York, it is similarly indisputable that the injury is felt within the state, regardless of where the infringement itself took place. Simply stated, the tort in this case caused injury in New York because the tort of copyright infringement "cause[s] injury in the state where the allegedly infringed intellectual property is held." *McGraw-Hill Cos. v. Ingenium Techs. Corp.,* 375 F. Supp. 2d 252, 256 (S.D.N.Y. 2005) (citing *Design Tex Group, Inc. v. U.S. Vinyl Mfg. Corp.,* No. 04 Civ. 5002 (JSR), 2005 U.S. Dist. LEXIS 2143, at *4 (S.D.N.Y. Feb. 14, 2005)). In addition, as other intellectual property cases have held, "[i]njury within a state 'includes harm to a business in the New York market in the form of lost sales or customers.'" *Gucci Am., Inc.,* 721 F. Supp. 2d at 241-42, quoting *Citigroup Inc. v. City Holding Co.,* 97 F. Supp. 2d 549, 568 (S.D.N.Y. 2000). Thus, there is little question that the injury caused by the infringement is felt within New York.

With respect to the fourth element, it is similarly clear that Na El expected, or should reasonably have expected, its infringement to have consequences in New York. The analysis of this issue is objective in nature, and the foreseeable requirement, "'relates to the forum consequences generally, and not to the specific event which produced injury within the state.'" *Gucci Am., Inc.,* 721 F. Supp. 2d at 242, quoting *American Network v. Access Am./Connect Atlanta,* 975 F. Supp. 494, 497 (S.D.N.Y. 1997). The purpose of this element is to, "'ensure some link between a defendant and New York State to make it reasonable to require a defendant to come to New York to answer for tortious conduct committed elsewhere.'" *Gucci Am., Inc.,* 721 F. Supp. 2d at 242-43, citing *LaMarca,* 95 N.Y.2d at 215 n. 4.

In this case, Na El has sold substantial quantities of textile fabric to Lito over the years, and clearly knows the business of Lito. Exhibit B to the Goldberg Decl. includes documents reflecting over $200,000 in sales to Lito for the period September 2010 through September 2013. There is similarly no doubt that Lito is a significant manufacturer of children's wear which sells to retailers located throughout the country, including New York. Exhibit C to the Goldberg Decl. contains a printout from Lito's website, which touts the size and scope of its business, including that it sells product in all 50 states. Moreover, a basic web search reveals that Lito product is sold through Walmart.com, Amazon.com and other retailers who sell significant quantities of product in New York. *See* Goldberg Decl. at Ex. D.

In light of the foregoing, it is clear that Na El knew, or should have foreseen, that its sale and delivery of fabric bearing infringing copyrighted designs to Lito would lead to sales which were destined to be made in New York. *See, McGraw-Hill Cos., Inc.,* 375 F. Supp. 2d at 256 (holding that it is "reasonably foreseeable that the provision of materials that infringe the copyrights and trademarks of a New York company will have consequences in New York.");

6

*Design Tex Group, Inc.,* 2005 U.S. Dist. LEXIS 2143 (noting that defendant sold their products to major hotel chains with numerous properties in New York, and therefore must reasonably expect that the sale of infringing products to those chains will have consequences in New York); *Gucci Am., Inc.,* 721 F. Supp. 2d at 242.

The final element, namely that the Defendant derives substantial revenue from interstate or international commerce, is also satisfied as demonstrated by the documents that Lito was ultimately compelled by this Court to produce. Specifically, the requirement for interstate commerce is, "intended to exclude foreign businesses that 'are of local character.'" *Gucci Am., Inc.,* 721 F. Supp. 2d at 242, quoting *Bensusan Rest. Corp. v. King,* 126 F.3d 25, 29 (2d Cir. 1997) (citing legislative history for the statute). "No specific dollar threshold is required for the revenue to be deemed substantial, and the main concern is the 'overall nature of the defendant's business and the extent to which he can fairly be expected to defend lawsuits in foreign forms.'" *Gucci Am., Inc.,* 721 F. Supp. 2d at 242, quoting *Parker Waichman Alonoso LLP v. Orlando Firm, P.C.,* No. 09 Civ. 7401 (CM), 2010 U.S. Dist. LEXIS 47957 (S.D.N.Y. May 14, 2010).

In this case, documents produced by Na El in discovery demonstrate that in the three year period ending September 2013, Na El sold approximately $275,000 worth of merchandise outside of the State of California. *See,* Na El sales outside of the State of California (other than New York), annexed as Exhibit E ($248,335), plus Na El sales in New York ($23,005), annexed as Exhibit F. As a review of Exhibit E to the Goldberg Decl. confirms, Na El sold product in more than fifteen different states, as well as in Canada, Mexico and Puerto Rico. In addition, these sales outside of California constitute approximately fifteen (15%) percent of Na El's total sales over that same period of time (compare total sales outside of California as referenced

7

above, as a percentage of Na El total sales in the same period of $1,746,165, as set forth in the sales summary annexed to the Goldberg Decl. at Ex. "G").

Accordingly, this is not a case of a small retail store or other local commercial venture which conducts all of its business within the State of California, and would be surprised to be named in an action in New York. To the contrary, Na El is an organization which conducts a meaningful percentage of its overall business in interstate and international commerce, and regularly has dealings in nearly twenty states and foreign countries. Under the circumstances, it is clear that Lito is involved in interstate commerce, and should fully expect to be held to account in any number of the various states throughout the country, including New York, where it actively does business. Thus, the fifth and final element is also satisfied.

Given that all five of the elements have unequivocally been satisfied, there is no doubt that Na El is subject to long-arm jurisdiction in New York, and the motion to dismiss filed by Na El should be denied in its entirety.

**B.   Due Process Requirement Are Also Satisfied by the Exercise of Jurisdiction**

In addition to satisfying the elements required by statute pursuant to the New York CPLR, constitutional due process requirements are also satisfied under the facts of this case. "The due process inquiry contains two parts: the minimum contacts inquiry and the reasonableness inquiry." *Gucci Am., Inc.*, 721 F. Supp. 2d at 244, citing *Parker Waichman*, 2010 U.S. Dist. LEXIS 47957; *Kernan*, 175 F.3d at 242.

**(i)   Minimum contacts**

The minimum contacts component is satisfied by demonstrating defendant's contacts with the state, and then demonstrating that the defendant has purposely availed itself of the privilege of doing business here. *Kernan*, 175 F.3d at 242. In this case, the allegations in the

8

complaint and the discovery Na El was compelled to produce clearly establish that Na El does business in New York. Specifically, there is no dispute, and the documents prove, that Na El does business in New York, and sells product here. Na El sold product valued at approximately $23,000 to customers in New York between September 2010 and September 2013. *See*, Goldberg Decl. Ex. F. In addition, during this same period, Na El sold over $200,000 in fabric to defendant Lito, which in turn sold product through various retailers in New York. *See*, Goldberg Decl., Ex. B. Clearly Na El has purposely availed itself of the benefits of doing business in New York, and satisfies the minimum contact requirement. *Gucci Am., Inc.*, 721 F. Supp. 2d at 244.

### (ii)  **Reasonableness**

The reasonableness standard is also satisfied in that Zelouf has demonstrated that the exercise of jurisdiction "comports with traditional notions of fair play and substantial justice." *Gucci Am., Inc.*, 721 F. Supp. 2d at 245-46, *quoting, Kernan*, 175 F.3d at 243.

> Five factors are considered to determine the reasonableness of jurisdiction: (1) the burden of jurisdiction on the defendant; (2) the interest of the forum in adjudicating the case; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in obtaining the most efficient resolution of the dispute; and (5) the shared interests of the states in furthering "social and substantive policies."

*Gucci Am., Inc.*, 721 F. Supp. 2d at 246, *citing, Kernan,* 175 F.3d at 243.

Critically, "[w]here the other elements for jurisdiction have been met, dismissals on reasonableness grounds should be 'few and far between.'" *Gucci Am., Inc.*, 721 F. Supp. 2d at 244, citing *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 575 (2d Cir. 1996). It is clear based upon the facts which have been alleged that jurisdiction is reasonable under the current circumstances. The burden on Na El is neither extreme nor unexpected, Zelouf has an interest in vindicating its copyright rights where it resides and where it owns the registrations, and there is an overall "reasonableness" in requiring a party that knowingly injects infringing

9

fabric into interstate commerce to defend itself where that fabric (or product incorporating the fabric) is sold. Given the low threshold for demonstrating reasonableness in the due process context, it is clear that this second requirement is satisfied as well.

Accordingly, both due process requirements are satisfied by the facts of the instant case.

## POINT II

### THE MOTION TO TRANSFER IS TO BE DETERMINED AT A SUBSEQUENT DATE

Na El alternatively moves to transfer the action pursuant to 28 U.S.C. §1404(a). Defendant Lito has also expressed an interest in moving to change venue to the Central District of California. Accordingly, since Lito acknowledged that it is subject to jurisdiction and is not involved in this motion, the Court specifically reserved this issue for determination at a later date, after it had determined whether Na El is subject to jurisdiction in this judicial district.[2]

---

[2] In any event, that motion to transfer would similarly be lacking in legal and factual merit. A defendant bears the burden of demonstrating a "strong case for a transfer." *O'Brien v. Goldstar Tech., Inc.*, 812 F. Supp. 383, 385 (W.D.N.Y. 1993); *see also DealTime.com Ltd. v. McNulty*, 123 F. Supp. 2d 750, 755 (S.D.N.Y. 2000); *Payne v. Taylor Vision Resources*, No. Civ. 3:02CV2234 (AWT), 2003 U.S. Dist. LEXIS 16690, at *5 (D. Conn. Sept. 22, 2003) (describing Defendants' § 1404(a) burden as "heavy"). **Plaintiffs' original choice of forum may not be disturbed absent a showing that the balancing factors "*strongly favor* the defendant."** *Austin v. International Bhd. of Teamsters-Airline Div.*, 739 F. Supp. 206, 208 (S.D.N.Y. 1990) (emphasis added; citation omitted); *see also A.I. Int'l Corp. Holdings, Inc. v. Surgicare, Inc.*, No. 03 Civ. 2481 (MBM), 2003 U.S. Dist. LEXIS 20561, at *10 (S.D.N.Y. Nov. 17, 2003) (requiring a "*clear and convincing* showing that the balance of convenience favors transfer") (emphasis added). Likewise, a court may not grant a transfer if its effect is simply to shift inconveniences from defendant to plaintiff. *Arrow Elecs., Inc. v. Ducommun, Inc.*, 724 F. Supp. 264, 266 (S.D.N.Y. 1989).

In this case, convenience of the parties and witnesses, locus of operative facts, location of documents and several other factors militate for proceeding in New York (or are at least equally balanced), while the other relevant factors (eg., forum familiarity with governing law) are neutral. Where the factors are equally balanced, defendants have not carried their burden of making a strong case for transfer, and transfer must be denied. *O'Brien*, 812 F. Supp. at 386. Thus, if Na El subsequently files a motion to transfer at the appropriate time, and with the Court's permission, it will be demonstrated that the factors relevant to the inquiry are not satisfied.

## CONCLUSION

Based upon all of the foregoing, Plaintiff Zelouf International Corp. respectfully requests that this Court issue an order denying the motion to dismiss or transfer filed by Defendant Na El, Inc., and awarding Zelouf International Corp. the costs and fees, including attorneys' fees, incurred in connection with this motion, together with such other, further and different relief as this Court deems just and proper.

Dated: New York, New York
       November 1, 2013

PRYOR CASHMAN LLP

By: _____
Michael G. Goldberg (MG-2135)
7 Times Square
New York, New York  10036
(212) 421-4100

*Attorneys for Plaintiff Zelouf International Corp.*

11