UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZELOUF INTERNATIONAL CORP.<br><br>       Plaintiff,<br><br>vs.<br><br>NA EL, INC.; et al.<br><br>       Defendants. | Case No.: 13-CV-1788- ALC<br><br>**DEFENDANT NA EL, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; OR, IN THE ALTERNATIVE, TO TRANSFER VENUE** |

## I. NA EL'S MOTION DEMONSTRATED THAT THIS ACTION SHOULD BE DISMISSED OR TRANSFERRED

Defendant Na El, Inc.'s ("Na El") Motion to Dismiss proved that this Court lacks personal jurisdiction over it for Plaintiff Zelouf International Corp.'s ("Zelouf") pending copyright infringement claims. Na El established that it is a small company that does only a miniscule amount of business in New York and that its Na El's actions relating to Plaintiff's claims had nothing to do with the State of New York. It is undisputed that Zelouf cannot show jurisdiction under C.P.L.R. Section 301 or any other provision of Section 302. Zelouf's Opposition to the Motion to Dismiss only claims that this Court has personal jurisdiction over Na El under C.P.L.R. § 302(a)(3)(ii). Opposition, pp. 4-10.[1] Zelouf is incorrect; this Court lacks the necessary jurisdiction.

Further, Na El did not purposefully direct any of its conduct toward New York, or consummate any transaction there, and Plaintiff's claims do not arise out of any transactions NA El had with New York. Indeed, the negotiation, execution, and satisfaction of the agreements relating to the goods at issue in this case *all* took place in California, and involved California personnel from Na El and its customer, Defendant Lito Children's Wear, Inc. ("Lito").

Despite the clear lack of any ties between Na El and this action, including the utter absence of any factors that would support either specific or general jurisdiction over Na El, Plaintiff, without doing any investigation, filed this case against Na El in New York solely upon its information and belief that Na El conducted a sufficient amount of business in New York that would subject it to litigating in this Court. Na El's contacts fall well short of being sufficient to establish jurisdiction; this action should be dismissed.

Should the Court not dismiss this action in its entirety, the Court should transfer the entire action to the Central District of California under 28 U.S.C. § 1404 (a) "[f]or the convenience of

[1] Zelouf spends two pages of the Opposition reciting the allegations of its Complaint and arguing that Na El is liable for willful copyright infringement, misleadingly arguing that Na El (1) has some responsibility to argue the merits of the case at this point in the case and (2) failed to address Zelouf's basis for jurisdiction, which Zelouf never asserted until its Opposition. Opp., pp. 2-4.

parties and witnesses, in the interest of justice." California is by far the most convenient and efficient venue to resolve this controversy. Indeed, all parties to this litigation, including Plaintiff's counsel, have a significant presence in California and conduct extensive business there. The transactions at issue in this case between Na El and Lito all occurred in California, and the witnesses, documents, and evidence relative to the dispute are all located in California. Accordingly, if the Court denies Na El's Motion to Dismiss, applying the Rule 1404 factors to the circumstances in this case mandates the transfer of this action to California.

## II. PLAINTIFF HAS NOT SHOWN THAT THIS COURT HAS JURISDICTION OVER NA EL

Zelouf's Complaint alleges only "[u]pon information and belief, Na El regularly transacts business within New York, and has sold products within this judicial district which Zelouf's copyright interests and exclusive proprietary rights as set forth hereinafter." Complaint, ¶ 4. The Opposition argues that Na El is subject to specific jurisdiction under CPLR § 302(a)(3)(ii).

As Zelouf correctly states (Opp., p. 4):

> Jurisdiction pursuant to Section 302(a)(3)(ii) is predicated on five elements: '(1) [t]her defendant committed a tortuous act outside the state; (2) the cause of action arose from that act; (3) the act caused injury to a person or property within the state; (4) the defendant expected or should reasonably have expected the act to have consequences in the state; (5) the defendant derives substantial revenue from interstate or international commerce.'

Opp., p. 4 (citing *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006)).

Conceding the first three elements for purposes of this Motion (where the plaintiff's allegations must be taken at face value), the Opposition does not support the fourth and fifth prongs, and Zelouf cannot demonstrate that this Court has jurisdiction.

Even if it can show the five elements of the jurisdictional test, the plaintiff must still show minimum contacts with New York and then demonstrate that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted); *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 172-73 (2d Cir. 2010). In so determining, the court must

consider: (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in obtaining relief; (4) the interest of the interstate judicial system in obtaining efficient resolution of controversies; and (5) the common interests of the several States in furthering substantive social policies. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113-14, 107 S.Ct. 1026 (1987). As set forth below and in the Motion, Na El does not do regular business in this state, and did not sell any of the product at issue in New York or to a New York company. It was not foreseeable that Na El's products would cause harm in New York, Na El does not derive substantial revenue from interstate commerce and Na El has no minimum contacts with New York. The Court should grant Na El's motion to dismiss.

Na El does not have the requisite minimum contacts with New York. For the entire period of jurisdictional discovery ordered by the Court, January 2009 through mid-2013, Na El sold only $23,007.16 worth of goods into New York or 0.8% of its total sales, and of its Na El's total sales of $2,575,127.67 during that four-and-a-half-year period, only $302,106.07 or 11.8% was sold in interstate commerce, and another $30,713.81 or 1.7% was sold internationally. See Exhibit 1 to Declaration of Michael D. Steger.

When faced with similar sales numbers or percentages, other New York courts interpreting Section 302(a)(3)(ii) have found that no jurisdiction exists, either because there was no reasonable expectation that the act (or omission) should have consequences in the state, because the revenue was not substantial, or because other minimum contacts were lacking. In *Murdock v. Arenson Int'l USA, Inc.*, 554 N.Y.S.2d 887 (N.Y.App. 1st Dept. 1990), only .05% of the defendants total sales were made to New York. In that case, as here, the sales to New York were unrelated to the plaintiff's claim, and the court found that the defendant did not derive "substantial revenue" from its dealings with New York. The *Murdock* court interpreted the term "substantial revenue" under Section 302(a)(3)(i) using the same analysis as the as the Allen court did in interpreting Section 302(a)(3)(ii). See also *United Bank of Kuwait, PLC v. Bridges, Ltd.*, 766 F.Supp. 113, 117 (S.D.N.Y. 1991)(where revenues from "bona fide interstate commerce" accounted for no more than 1% and 8% of total revenues in the two years at issue, such sums

were "insubstantial in both relative and absolute terms", and there was no jurisdiction under Section 302(a)(3)(ii)).

Even in cases where plaintiffs have satisfied the five factor test under Section 302(a)(3)(ii), New York courts have found that basing jurisdiction on the activity at issue often does not satisfy due process. In *Carpino v. National Store Fixtures Inc.*, 712 N.Y.S.2d 684 (N.Y.App. 3d Dept. 2000), the defendant had no production facilities or sales offices in New York, had no telephone listing or bank account in the state and, in the relevant years, only three (out of 47) of the defendant's lumber shipments to a national home improvement chain were sent to New York, along with one shipment the following year. Where these shipments accounted for less than one half of one percent of the defendant's total shipments or sales for those periods, there was no finding that the defendant "pursued any purposeful affiliation with New York and its connection with New York arose from [the retailer's] decision to transport [the defendant's] products to one of its stores in New York." Id. at 686. The court emphasized that "[a] 'minimum contacts' finding requires more than a reasonable expectation that a tortuous foreign act will have New York consequences . . . it requires the foreseeability that one's product may make its way to New York 'coupled with evidence of a purposeful New York affiliation.'" Id. at 687 (citations omitted). The "'mere likelihood or foreseeability that a defendant's product will find its way into New York' will support neither a finding of jurisdiction under New York law nor the Federal Constitution." *Stephan v. Babysport, LLC*, 499 F.Supp.2d 279, 289 (E.D.N.Y. 2007), citing *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 241 (2d Cir. 1999); *Asahi Metal Indus.*, supra, 480 U.S. at 107. Where a manufacturer sells product to a distributor who then makes the decision to sell the product into any of the states in which that distributor may do business, evidence that the manufacturer "knew or reasonably should have known the ultimate destination of its product is essential to a finding of jurisdiction under Section 302(a)(3)(ii)." *Stephan,* 499 F.Supp.2d at 289. "To sustain jurisdiction on the basis that New York was one of those possible destinations is too tenuous a connection on which to base jurisdiction." Id. at 290.

As set forth in the Motion, Na El does not, (1) advertise to New York; (2) directly solicit business in New York; (3) directly serve the wholesale fabric or garment market in New York; (4) have sales agents or representatives in New York; (5) have an office, showroom or a warehouse in New York; (6) have any employees in New York; (7) have a license or registration to conduct business in New York; (8) have a bank account in New York; (9) send any of its employees or representatives into New York; or (10) have any mobile or web presence at all, let alone any sort of interactive medium that can be accessed by New Yorkers. Motion, p. 6.

Na El sold the fabric at issue in this case to Lito from California in 2009 – 2011. Id. The negotiations for these sales took place in California. Id. The agreement to sell the fabric at issue was reached in California. Id. Payment was tendered in California, and received by a California bank for deposit in a California bank account. Id. The obligations under the agreement were discharged by Na El and Lito in California. Id. The textile design at issue was conceived, developed, and formatted in California. Every aspect of these transactions took place in California, and no part of the transactions through which Na El sold to Lito the fabric at issue in this case had any connection to New York. Id. In sum, Na El did nothing to purposely avail itself of the privilege of doing business in New York, and Zelouf has not and cannot show that Na El reasonably expected that its goods would be sold in New York. There is no connection between Na El and New York that satisfies either the minimum contacts test or that does not "offend traditional notions of fair play and substantial justice."

**III.   IF THE COURT FINDS JURISDICTION OVER NA EL, IT SHOULD TRANSFER THE CASE TO CALIFORNIA**

As set forth in Na El's Motion, if the Court does not dismiss the action outright, it should transfer the matter to the Central District of Los Angeles. Motion, pp. 11-13. The Opposition argues that the Court should reserve any decision on the motion to transfer until "a later date." Opp., p. 10. Zelouf goes on, in a half page footnote, to state, without any factual analysis that the "motion to transfer would similarly be lacking in legal or factual merit." Id., fn. 2. While Na El demonstrated that the balance of the factors involved in a venue analysis weigh heavily in favor

of transfer, Motion pp. 11-13, Zelouf's entire analysis states that the "convenience of the parties and witnesses, locus of operative facts, location of documents and several other factors militate for proceeding in New York (or are at least equally balanced), while the other relevant factors (eg., forum familiarity with governing law) are neutral."  Opp., p. 10, fn. 2.  The Opposition is wrong – as the Motion demonstrated, the locus of operative facts, location of documents and convenience of the parties and witnesses all weigh strongly in favor of California, where both Na El and defendant Lito are located.  In addition, Zelouf's counsel maintains an office in Los Angeles.  See Exh. 2 to Declaration of Michael D. Steger.

Zelouf has not refuted Na El's argument – if the Court declines to dismiss the case, it should transfer it to the Central District of California, which clearly has jurisdiction over both defendants.

### IV.   CONCLUSION

Na El is a small company that does little to no business in New York. Forcing it to litigate in New York would be a substantial burden and would not be in the interests of justice. As set forth above and in the Motion, the Court should dismiss the complaint against Na El for lack of personal jurisdiction.  In the alternative, the Court should transfer Plaintiff's claims against Na El to the Central District of California.

Respectfully submitted,

Dated:  November 18, 2013           By: /s/ Michael D. Steger
Michael D. Steger (MS2009)
Steger Krane LLP
1601 Broadway, 12th Floor
New York, NY  10019
(212) 736-6800
(845) 689-2155 (fax)
msteger@skattorney.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 18th day of November, 2013 I served a true and correct copy of the foregoing **REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; OR, IN THE ALTERNATIVE, TO TRANSFER VENUE** and **DECLARATION OF MICHAEL D. STEGER** electronically by ECF on counsel for all parties:

Michael G. Goldberg
Pryor Cashman LLP
7 Times Square
New York, NY  10036
mgoldberg@pryorcashman.com

Todd McCormick
Sedgwick LLP
225 Liberty Street, 28th Floor
New York, NY  10281
Todd.mccormick@sedgwicklaw.com


  /s/ Michael D. Steger_____
Michael D. Steger