UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ZELOUF INTERNATIONAL CORP.,

                      **Plaintiff,**

      -against-

NA EL, INC. and LITO CHILDREN'S
WEAR, INC.,

                    **Defendants.**
-----------------------------------------------------------x

1:13-cv-01788 (ALC) (JCF)

<u>OPINION AND ORDER</u>

**ANDREW L. CARTER, JR., United States District Judge:**

      Plaintiff Zelouf International Corp. ("Zelouf") brought this case against Na El, Inc. ("Na El") and Lito Children's Wear, Inc. ("Lito") (collectively "Defendants") for copyright infringement. Na El seeks to dismiss the complaint against it for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Lito has not challenged Zelouf's assertion that it is subject to personal jurisdiction in New York. For the reasons set forth below, Na El's Motion to Dismiss (ECF No. 16) is DENIED.

**I.    Background**

      Zelouf designs, manufactures, and sells textile fabrics. (Compl. ¶ 7, ECF No. 1). When Zelouf creates an original design, it registers the design for copyright protection with the United States Copyright Office. (<u>See generally</u> Compl., ECF No. 1). Zelouf alleges that "Na El supplied fabric bearing two original [copyrighted] Zelouf designs to defendant Lito, who in turn manufactured and then sold substantial quantities of children's apparel bearing the infringing fabric throughout the country, including in New York." (Opp'n Mot. Dismiss 2, ECF No. 25).

      Na El is a California corporation that operates in Los Angeles County. (Compl. ¶ 4, ECF No. 1; Mot. Dismiss 5, ECF No. 16). It conducts all business, including "development and

creation of designs, client solicitations, meetings, exhibition of samples, and logistics," from Los Angeles. (Mot. Dismiss 6, ECF No. 16). It has no tangible connection to New York—no license or registration to conduct business in New York; no properties or real estate holdings in New York; no employees, sales agents, or representatives in New York; and no bank accounts in New York. (Saghian Decl. ¶ 2, ECF No. 16-1). Nor does Na El have any mobile or web presence accessible from New York. (Saghian Decl. ¶ 3, ECF No. 16-1).

Na El has, however, done business with customers in New York. From September 2010 to September 2013, Na El sold merchandise worth $23,007.16 to New York customers in twenty-five different transactions. (Goldberg Decl. Ex. F, ECF No. 24-2). Over the same period, Na El sold merchandise worth $271,452.18 to customers outside California (including New York). (Goldberg Decl. Exs. E, F, ECF No. 24-2). Na El's total sales during that period amounted to $1,746,165.05, (Goldberg Decl. Ex. G, ECF No. 24-2), with sales to Lito totaling $208,969.48. (Goldberg Decl. Ex. B, ECF No. 24-2).

Na El sold the allegedly infringing fabric to Lito in California. Na El asserts that all aspects of this sale to Lito, from negotiations for the sale to payment on the contract, took place in California. (Saghian Decl. ¶ 4, ECF No. 16-1). Zelouf does not claim otherwise. (See Opp'n Mot. Dismiss 5, ECF No. 25 ("[T]here is no dispute that the sale of the fabric bearing the [infringing] [d]esigns took place outside of New York (namely in California).")).

II.   Discussion

Na El asks the Court to dismiss Zelouf's case against it for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), or in the alternative, to transfer it. (Mot. Dismiss, ECF No. 16). The parties agree that Na El is not subject to general jurisdiction in New York. (See Mot. Dismiss, ECF No. 16; Opp'n Mot. Dismiss, ECF No. 25). Na El, however,

argues that neither the statutory inquiry, nor the constitutional inquiry subject it to specific personal jurisdiction in the state of New York.   (Mot. Dismiss, ECF No. 16).

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing the court's jurisdiction over the defendant.  In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003).   After engaging in jurisdictional discovery, the plaintiff must make a factually supported prima facie showing of jurisdiction.  Id. (internal quotation marks and citations omitted).   "Personal jurisdiction is necessarily a fact-sensitive inquiry dependent on the particulars of the case before the court."  Gucci Am., Inc. v. Frontline Processing Corp., 721 F. Supp. 2d 228, 240 (S.D.N.Y. 2010) (citations omitted).   Nevertheless, while the court may consider materials outside the pleadings, it must not make factual determinations where defendant's affidavits and evidence contradict that of the plaintiff.  Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 86 (2d Cir. 2013).   Instead, the court must construe "the pleadings and affidavits in the light most favorable to [the] plaintiff[], resolving all doubts in [its] favor."  S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 138 (2d Cir. 2010) (internal quotation marks and citations omitted).

To determine whether it has personal jurisdiction over a non-domiciliary in a diversity action, a district court must engage in a two-step inquiry.[1]   First, the court must decide if the defendant is subject to personal jurisdiction under the law of the forum state; here, New York's long-arm statute.  N.Y. C.P.L.R. § 302 (McKinney 2013); Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120, 124 (2d Cir. 2002).  If it is, then the court must consider

---

[1] "The reach of New York's long-arm statute . . . does not coincide with the limits of the Due Process Clause.   Analysis under it therefore . . . involve[s] two separate inquiries, one statutory and one constitutional."  Best Van Lines, Inc. v. Walker, 490 F.3d 239, 244 (2d Cir. 2007).

3

whether the exercise of that jurisdiction comports with the Due Process Clause of the Fourteenth Amendment.  Bank Brussels, 305 F.3d at 124.

### A. Long Arm Statute

Although New York's long-arm statute provides for jurisdiction on multiple grounds, Zelouf specifically asserts that Na El is subject to long-arm jurisdiction under C.P.L.R. § 302(a)(3)(ii).  This provision confers personal jurisdiction over an out-of-state defendant who commits a tortious act outside New York that causes injury to "person or property" in New York, if the defendant "expects or should reasonably expect the act to have consequences in [New York] and derives substantial revenue from interstate or international commerce."  N.Y. C.P.L.R. § 302(a)(3)(ii).

As an initial matter, Na El concedes, for the purpose of this motion, that it is an out-of-state defendant who has committed a tortious act outside New York, causing an injury in New York. (Reply Mot. Dismiss 3, ECF No. 28).  But the parties contest the remaining elements.  (Reply Mot. Dismiss 3, ECF No. 28).  Whether a defendant expected, or should have expected, his actions to have consequences in New York is determined objectively.  Gucci Am., 721 F. Supp. 2d at 242 (citations omitted).  New York courts require a plaintiff to demonstrate "'tangible manifestations of a defendant's intent to target New York, or . . . concrete facts known to the [defendant] that should have alerted it to the possibility of being brought before a court in . . . New York.'"  DH Svcs., LLC v. Positive Impact, Inc., 12 Civ. 6153 (RA), 2014 WL 496875, at *13 (S.D.N.Y. Feb. 5, 2014) (citations omitted).  To be clear, a defendant need only "foresee that its tortious act will have some consequences in New York, . . . not necessarily the exact consequences that occurred."  Gucci Am., Inc., 721 F. Supp. 2d at 242.  "Applying this provision in the context of trademark and copyright infringement claims, courts have examined whether the defendant

4

knew (or should have known) that a New York company or individual held the intellectual property rights, . . . and whether defendant made a 'discernible effort to directly or indirectly serve the New York market.'" DH Svcs., LLC, 2014 WL 496875, at *13 (citations omitted).

Na El's allegedly tortious conduct created a foreseeable risk of having to defend its actions in a New York court. In its Complaint, Zelouf alleged specific ways that Na El had access to its designs. (¶¶ 13, 18, 23, 28, ECF No. 1). For instance, samples of the infringing designs were available in Zelouf's showroom and design library. (Compl. ¶¶ 13, 18, 23, 28, ECF No. 1). Moreover, Zelouf even distributed samples of these designs to its customers. (Opp'n Mot. Dismiss 2-3, ECF No. 25). As a result, it is conceivable that Na El knew that Zelouf, a New York company, had intellectual property rights in these designs. Na El also made a discernable effort to serve the New York market. In addition to a few direct sales to New York customers, it did a large volume of business with Lito. (See Goldberg Decl. Ex. B, ECF No. 24-2). Lito accounted for 12% of its business, or $208,969.48, over a three year period. (Goldberg Decl. Ex. B, ECF No. 24-2). As Zelouf has shown, Lito is a national retailer that serves its market through the internet. (See Goldberg Decl. Exs. C, D, ECF No. 24-2). Its website proclaims that it sells its products in all fifty states. (Goldberg Decl. Ex. C, ECF No. 24-2). It even sells its products through international retailers like Amazon and Walmart. (Goldberg Decl. Ex. D, ECF No. 24-2). It can certainly be expected that a "small" company like Na El would be familiar with the business of one of its largest customers. (See Mot. Dismiss 6, ECF No. 16). Consequently, Na El not only took steps to target the New York market, but also could have foreseen that it may need to defend itself in a New York court.

Lastly, a business must be of an interstate or international nature to be subject to jurisdiction under the statute. Bensusan Rest. Corp. v. King, 136 F.3d 25, 29 (2d Cir. 1997)

(discussing the statute's legislative history). Although a business must "derive[] substantial revenue" from its interstate or international activities, "no specific dollar threshold" fulfills this requirement. Hamilton v. Accu-Tek, 32 F. Supp. 2d 47, 68 (E.D.N.Y. 1998). "Revenue from interstate and international commerce may be analyzed as a percentage of total revenues or as an absolute number, but neither approach is binding and each case should be decided on its own facts." Gucci Am., Inc., 721 F. Supp. 2d at 242; Hamilton, 32 F. Supp. 2d at 68-69 (collecting cases).

A significant amount of Na El's revenue derives from customers outside California. Over a three year period beginning in September 2010, Na El sold merchandise worth $271,452.18 to customers in various states, including Texas (over $100,000.00), Pennsylvania (over $20,000.00), Florida (over $20,000.00), and New York (over $20,000.00). Additionally, Na El has sold its products to customers in Canada and Mexico. Na El's sales in interstate commerce exceed 15% of its total revenue over that period. Both numerically and as a percentage of total revenue, Na El "derives substantial revenue from interstate and international commerce." N.Y. C.P.L.R. § 302(a)(3)(ii). Na El is, therefore, subject to personal jurisdiction in New York under New York's long-arm statute.

### B. *Due Process*

Because the New York long-arm statute extends jurisdiction over Na El in this case, the Court next addresses whether the exercise of this jurisdiction comports with constitutional due process. The due process inquiry consists of two components: the "minimum contacts" test and the "reasonableness" analysis. Bank Brussels, 305 F.3d at 127 (2d Cir. 2002) (citing Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996)).

6

### 1. Minimum Contacts

The "minimum contacts" test asks whether a defendant "purposefully availed" itself of the privilege of doing business in a forum, and can foresee being "haled into court" there. U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., 241 F.3d 135, 152 (2d Cir. 2001) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). The court examines the "quality and nature" of the defendant's contacts with the forum using a totality of the circumstances test; "random, fortuitous, or attenuated contacts, . . . or of the unilateral activity of another party or a third person," will not subject the defendant to personal jurisdiction in the forum. Burger King, 471 U.S. at 475 (noting also that "an absence of physical contacts" does not automatically "defeat personal jurisdiction"); see Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 164 (2d Cir. 2010) ("In determining the strength of the contacts . . . we look to a totality of [d]efendants' contacts with the forum state."). Foreseeability alone is not sufficient. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295 (1980). "[I]t is the defendant's actions, not his expectations that empower [the] courts to subject him to judgment." J. McIntyre Mach., Ltd. v. Nicastro, 131 S. Ct. 2780, 2789 (2011); see City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 149 (2d Cir. 2011) (Wesley, J. concurring) (quoting Asahi Metal Indus. V. California, 480 U.S. 102, 112 (1987)) ("[A] 'defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum state.'").

Na El's contacts with New York demonstrate both foreseeability and purposeful availment. It does not matter that Na El has no physical contacts with New York. Nor is it determinative that the transaction between Na El and Lito took place entirely in California. As discussed above,

Zelouf alleges that Na El had access to its copyrighted designs through several means, and knew that those designs were copyrighted by a New York company. (Compl. ¶¶ 13, 18, 23, 28, ECF No. 1; Opp'n Mot. Dismiss 2-3, ECF No. 25). Na El is a self-proclaimed "small" company, with 12% of its business coming from Lito. (Mot. Dismiss 6, ECF No. 16; Goldberg Decl. Ex. B, ECF No. 24-2). As a result, it is conceivable that Na El would be familiar with Lito's business. Lito, for its part, freely advertises its business as national, and even sells its products through major retailers. (Goldberg Decl. Exs. C-D, ECF No. 24-2). It should come as no surprise to Na El, then, that it is being sued in New York. Moreover, Na El purposefully availed itself of the privilege of doing business in New York. As Zelouf demonstrated, Na El has sold its products directly to customers in New York. (Goldberg Decl. Ex. F, ECF No. 24-2). Cf. Dejana v. Marine Tech., Inc., No. 10-cv-4029(JS)(WDW), 2011 WL 4530012, at *6 (E.D.N.Y. Sept. 26, 2011) (holding that defendants are not subject to personal jurisdiction in New York because, among other things, "they have not delivered [their product] to New York"). In fact, a closer examination of Zelouf's proffered exhibits reveals that Na El sold its merchandise to three different New York customers on twenty-five different occasions. (Compare Goldberg Decl. Ex. B, ECF No. 24-2 (showing sales to Lito in one continuous segment), with Goldberg Decl. Ex. F, ECF No. 24-2 (showing sales to New York customers in three separate segments)). Jurisdiction is, therefore, appropriate in New York because Na El has developed and served a market for its merchandise here.

Not only must a defendant have minimum contacts with the forum state, but those contacts must also be "related to" the plaintiff's cause of action. Chloe, 616 F.3d at 164 ("Specific jurisdiction exists when 'a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum.'" Helicopteros Nacionales de

8

Colombia, S.A. v. Hall, 466 U.S. 408, 414 & n. 8 (1984)). The Second Circuit takes a broad view of relatedness. In Chloe, also a copyright infringement case, the court emphasized the defendant's sale of non-infringing products in New York in its analysis of the defendant's contacts with the state. Id. at 167. Similarly, Na El's sale of merchandise in New York, even if it was non-infringing, is "related to" Zelouf's cause of action in this case.

### 2. Reasonableness

"The second part of the jurisdictional analysis asks whether the assertion of personal jurisdiction comports with traditional notions of fair play and substantial justice—that is, whether it is reasonable under the circumstances of a particular case." Bank Brussels, 305 F.3d at 129 (internal quotation marks and citations omitted). To evaluate reasonableness, courts consider:

> "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies."

Metro. Life, 84 F.3d at 568.

Subjecting Na El to personal jurisdiction is reasonable under the circumstances. The first factor "cuts both ways." Chloe, 616 F.3d at 173. Although Na El will face some burden in having to defend itself in New York, were the case brought in California, Zelouf's witnesses would have to travel there. "The second factor favors New York as the forum state since a state frequently has a 'manifest interest in providing effective means of redress for its residents.'" Id. (quoting Burger King, 471 U.S. at 483). The third factor similarly favors the adjudication of the case in New York because Zelouf is located here, holds copyrights here, and has witnesses here. The last two factors "are neutral." Id.

### III.   Motion to Transfer Venue

Along with its motion to dismiss for lack of personal jurisdiction, Na El has asked this Court, in the alternative, to transfer this case to California. (Mot. Dismiss 11, ECF No. 16). Because Lito has also expressed an interest in having this case transferred to California, (Status Conf. Tr. 3, May 29, 2013, ECF No. 30), but is not part of the briefing here, the Court will reserve its ruling on the issue.

### IV.   Conclusion

For the reasons set forth above, Na El's Motion to Dismiss for lack of personal jurisdiction (ECF No. 16) is DENIED.

**SO ORDERED.**

Dated:   March 28, 2014

New York, New York

ANDREW L. CARTER, JR.
**United States District Judge**