

**PRYOR CASHMAN LLP**

New York | Los Angeles

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806

www.pryorcashman.com

Michael G. Goldberg

Direct Tel: 212-326-0244
Direct Fax: 212-798-6338
mgoldberg@pryorcashman.com

April 1, 2014

**VIA ECF AND ELECTRONIC MAIL**

Hon. Andrew L. Carter, Jr. U.S.D.J.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY  10007

Re:   *Zelouf International Corp. v. Na El, Inc. and Lito Children's Wear, Inc.,*
      13 CV 1788 (ALC)(JCF)

Dear Judge Carter:

We represent plaintiff Zelouf International Corp. ("Zelouf") and are in receipt of a letter dated today from counsel for Defendant Lito Children's Wear, Inc. ("Lito") requesting a pre-motion conference in connection with the above matter. As set forth below, Lito has willfully failed and refused to comply with discovery obligations previously ordered by this Court. To make matters far worse, Lito is now using its discovery failure to gain a tactical advantage in connection with its proposed motion, and to otherwise improperly delay this matter. Accordingly, the request for a pre-motion conference should be denied, and this case should proceed.

As Your Honor will recall, this case involves the sale by Na El, Inc. ("Na El") of fabric bearing textile designs which infringe the copyright interests of Zelouf. Rather than address the merits of these copyright infringement claims, the Defendants have engaged in an orchestrated effort to delay consideration of this matter based upon manufactured procedural issues.

Following a conference with the Court shortly after this case was commenced, Your Honor directed that certain jurisdictional discovery proceed, and scheduled the briefing of a motion to dismiss by Na El based upon an alleged lack of jurisdiction. (Na El's motion was recently denied. For its part, Lito has conceded that it is subject to this Court's jurisdiction.) At prior conferences, Your Honor also unambiguously ordered Lito (the entity that purchased the infringing fabric from Na El, manufactured a substantial quantity of infringing garments and then sold those garments to retailers) to produce certain discovery, including documents which identified its customers that purchased and then sold at retail the garments bearing the infringing design. As the Court is aware, these customers are also liable to Zelouf for copyright

**PRYOR CASHMAN LLP**

Hon. Andrew L. Carter, Jr. U.S.D.J.
April 1, 2014
Page 2

infringement. The Court made clear its intent to have Lito provide Zelouf with the information necessary to amended its complaint to name all of the appropriate parties.

Lito deliberately refused to comply with this Court's unambiguous Orders, and intentionally withheld all documents that identified its customers.[1] More than simply intending to prevent Zelouf from finally proceeding with the prosecution of its claims, *disclosure of retailers' identities has also been withheld because it is directly relevant to (and presumably undermines) Lito's proposed motion to change venue*. Specifically, the identity and location of its customers bears on virtually all of the relevant considerations on the proposed motion to transfer venue (location and convenience of all parties, witnesses and the like). The existence of retail defendants in New York would undermine any attempt to change venue.

When considered in this context, the true nature and extent of Lito's misconduct becomes readily apparent. Lito has not simply ignored Court Orders directing production of the identity of its customers, it deliberately withheld this information as part of its effort to improperly influence the outcome of the motion to transfer venue which it now seeks to advance. This calculated attempt to subvert justice should not be countenanced.[2]

Lito's instant request for a pre-motion conference is disingenuous at best, and in any event premature given its willful failure to comply with Court-ordered discovery. Accordingly, we believe that the pre-trial conference directed by Your Honor, which has been scheduled by all counsel and Magistrate Judge Francis for April 8, 2014 at 2:00 pm, should proceed. We intend to raise the issue of Lito's refusal to produce Court-ordered discovery with Judge Francis, and

---

[1] After multiple discussions at previous conferences, Mr. McCormick (counsel for Lito) acknowledged on the record in Court that his client was being recalcitrant in producing the information regarding Lito's customers, and asked the Court to issue an order directing production of the information. This Court obliged and reconfirmed its earlier directive, ordering as follows: "It sounds like what you basically want me to say is that I'm ordering you to do this. I'm ordering you to do it." The relevant page of the transcript from the July 16, 2013 conference is annexed hereto. This exchange obviously confirms that the Court had already directed – months earlier – that Lito produce documents identifying all of its customers who purchased the infringing goods.

[2] Lito also suggests in its April 1 letter that it may move to dismiss on the basis of improper venue. This position reflects either a further intent to mislead this Court, or a pronounced misunderstanding of the law. Lito has acknowledged on the record that it is subject to jurisdiction in this judicial district, and the Court recently issued a decision expressly finding that Na El is also subject to jurisdiction here. Thus, there is no legal basis to dismiss for improper venue as Lito's correspondence incorrectly suggests. *See*, Letter from Michael Goldberg to The Honorable Andrew Carter dated May 13, 2013, annexed hereto, for a discussion of the relevant law.

# PRYOR CASHMAN LLP

Hon. Andrew L. Carter, Jr. U.S.D.J.
April 1, 2014
Page 3

will seek appropriate redress in connection with this deliberate discovery failure. Judge Francis can monitor and enforce Lito's compliance with prior discovery orders, and this case should proceed as directed by the Court several months ago. Once the appropriate parties have been identified and named in an amended complaint, any Defendant could (if appropriate) then seek leave to transfer venue. Until such time, any request to make such a motion is demonstrably premature.

The Defendants have delayed consideration of the merits of this copyright infringement action for more than a year by withholding evidence and advancing coordinated motions that are without legal or factual merit. Zelouf respectfully requests that the Court deny the request for a pre-motion conference as premature and permit Zelouf to finally begin prosecuting its claims against parties that are, by admission and now Court Order, subject to this Court's jurisdiction.

Respectfully submitted,

Michael G. Goldberg

cc: Todd D. McCormick, Esq. *(via electronic mail)*
    Scott A. Burroughs, Esq. *(via electronic mail)*
    Michael Steger, Esq. *(via electronic mail)*
    Zelouf International Corp. *(via electronic mail)*

```
                                                                    1
     D7gWzelC
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 3   ZELOUF INTERNATIONAL CORP.,
 4              Plaintiff,
 5        v.                                    13 CV 1788 (ALC)
 6   NAEL, INC., et al.,
 7              Defendant.
 8   ------------------------------x
 9                                              New York, N.Y.
                                                July 16, 2013
10                                              11:30 a.m.
11   Before:
12              HON. ANDREW L. CARTER, Jr.,
13                                              District Judge
14                         APPEARANCES
15   PRYOR CASHMAN LLP
16        Attorneys for Plaintiff
     BY:  MICHAEL G. GOLDBERG (via speaker phone)
17
     STEGER KRANE LLP
18        Attorneys for Defendant Nael
     BY:  MICHAEL D. STEGER (via speaker phone)
19
     SEDGWICK LLP
20        Attorneys for Defendant Lito
     BY:  TODD D. McCORMICK
21
22
23
24
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

```
                                                               10
         D7gWzelC
 1   today.
 2              THE COURT:  Anything else from Nael?
 3              MR. STEGER:  I will stipulate to Mr. Goldberg's
 4   comment.
 5              THE COURT:  Anything else from Lito?
 6              MR. McCORMICK:  One other thing, your Honor.  With
 7   regard to producing invoices, identifying the retailers that my
 8   client sold the products to, my client is concerned, because
 9   they're a small company in Los Angeles, about releasing the
10   names of these companies.  And also the invoices are very
11   voluminous.  So that is their concern, and if the Court has a
12   position on that, it might be easier for me to explain to my
13   client why we must have those documents.
14              THE COURT:  The concern is releasing them to the
15   plaintiffs?
16              MR. McCORMICK:  Right.  They're concerned that they're
17   going to be burning bridges with the very clients that they
18   service.
19              THE COURT:  It sounds like what you basically want me
20   to say is that I'm ordering you to do this.  I'm ordering you
21   to do it.
22              MR. McCORMICK:  Thank you, your Honor.
23              THE COURT:  Anything else from anyone else?
24              Hearing nothing else, thank you very much.  We're
25   adjourned.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```


# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036   Tel: 212-421-4100   Fax: 212-326-0806          www.pryorcashman.com

**Michael G. Goldberg**
**Partner**
Direct Tel: (212) 326-0244
Direct Fax: (212) 798-6338

May 13, 2013

VIA ELECTRONIC MAIL

Hon. Andrew L. Carter, Jr.
United States District Judge
U.S. District Court – Southern District of New York
500 Pearl Street, Room 725
New York, New York 10007

Re:   *Zelouf International Corp. v. Nael, et al.*, No. 13 CV 1788 (ALC) (JCF)

Dear Judge Carter:

     We are counsel to plaintiff Zelouf International Corp. ("Zelouf") in the above-referenced action, and write in response to the pre-motion letter submitted by counsel for defendant Lito Children's Wear, Inc. ("Lito"), dated May 9, 2013 (the "March 9th Letter"). The March 9th Letter requests a conference to discuss a briefing schedule for a proposed motion by Lito to dismiss Zelouf's Complaint for improper venue pursuant to FED. R. CIV. P. 12(b)(3) or, in the alternative, to transfer venue (the "Proposed Motion").

     As set forth below, venue is both proper in New York and convenient in this judicial district and should not be transferred because (1) Lito is subject to personal jurisdiction in New York; (2) the events giving rise to Zelouf's claims, including the injury sustained by Zelouf, occurred in New York; and (3) Lito offers no compelling basis to disturb Zelouf's choice of venue in this judicial district. Accordingly, Zelouf respectfully requests that Your Honor deny Lito leave to file its Proposed Motion, as it will serve only to delay the proceeding and require the parties to incur unnecessary expense.

I.    Zelouf Has Adequately Pled That Venue Is Proper In New York

     In the March 9th Letter, Lito incorrectly argues that venue is not proper in New York because none of the named Defendants reside in New York and none of the events giving rise to Zelouf's claims occurred in New York. Lito is mistaken.[1]

---

[1] Lito suggests that defendant Na El, Inc. ("Na El") intends to join in the Proposed Motion and therefore requests, on Na El's behalf, that Na El's time to answer the Complaint be extended until the Court has the opportunity to rule on the Proposed Motion. At this time, Na El has not appeared in this action and, therefore, Lito's request is premature. To the extent, Na El appears in the action and joins in the Proposed Motion the arguments set forth herein are similarly applicable.

1234781

**PRYOR CASHMAN LLP**

Hon. Andrew L. Carter, Jr.
May 14, 2013
Page 2

It is well-established that venue is proper (1) in any "district in which he [a defendant] is subject to personal jurisdiction" or (2) "in a judicial district in which a substantial part of the events giving rise to the claims occurred." See John Wiley & Sons, Inc. v. Swancoat, 08 Civ. 5672 (JGK), 2009 U.S. Dist. LEXIS 71820, at *3 (S.D.N.Y. Aug. 14, 2009); see 28 U.S.C. §§ 1391(b) and (c). Lito is subject to personal jurisdiction in New York and a substantial part of the events giving rise to Zelouf's claims for copyright infringement occurred in New York. Therefore, New York is the proper venue to litigate this proceeding.

First, New York's long-arm statute applies and provides for personal jurisdiction over any non-domiciliary who "transacts any business within the state" in connection with a "cause of action arising from any of those acts." Id.; see also N.Y. C.P.L.R. § 302(a). Here, Lito transacts business in New York given that its commercial efforts are directed toward and generate business from citizens of New York. In its Complaint, Zelouf has alleged, upon information and belief, that Lito "has sold products within this judicial district which infringe Zelouf's copyright interests and exclusive propriety rights" by purchasing substantial quantities of fabric bearing Zelouf's copyrighted designs, manufacturing garments with those designs and then advertising them for sale over the Internet. (Compl. ¶¶ 2, 8.)

In addition, Zelouf has learned that Lito makes its products available for sale to wholesale consumers in New York via its own website, www.litoonline.com, and has made the infringing designs available for sale to New York consumers on other websites. "[I]f a website is interactive and allows a buyer in New York to submit to an order online, courts typically find that the website operator is "transacting business" in New York and is subject to the court's jurisdiction." Audiovox Corp. v. S. China Enter., Inc., No. 11-cv-5142 (JS)(GRB), 2012 U.S. Dist. LEXIS 104656, at *3 (E.D.N.Y. July 26, 2012). Therefore, it appears that Lito has sold products – including the infringing designs – to New York consumers and generated profits therefrom. Based on Lito's commercial presence in New York, Zelouf has demonstrated as a matter of law that Lito is subject to personal jurisdiction in New York and that venue is clearly proper in New York. Indeed, Lito appears to concede that it is subject to personal jurisdiction in this state.

Second, venue is also proper in New York because a substantial part of the events giving rise to the claims asserted by Zelouf in the Complaint occurred in New York. For example, Zelouf's copyrighted designs were created in New York, registered from New York, and the cease and desist letters relating to Defendants' unlawful use of the designs were sent from New York. Moreover, the injury suffered by Zelouf as a result of Lito's (and the other Defendants) copyright infringement was felt in this judicial district, as Zelouf's principal place of business is located here. It is to be noted that Zelouf has requested for months that Lito provide it with the most basic information concerning its sales of the infringing goods, both in and outside of New York. Lito has deliberately, and without basis, withheld this information.

1234781


## PRYOR CASHMAN LLP

Hon. Andrew L. Carter, Jr.
May 14, 2013
Page 3

      Accordingly, both because Lito is subject to personal jurisdiction in New York and because a substantial part of the events giving rise to Zelouf's claims arose in New York, it is clear that the Southern District of New York is a proper venue for this case as a matter of settled law.

II.    The Southern District of New York is a Convenient and Appropriate Forum

      It is well-established that in determining whether to transfer venue, "the plaintiffs' choice of forum is entitled to substantial weight and will not be disturbed lightly." Fifth Ave. of Long Island Realty Assocs. v. Caruso Mgmt. Co., 2009 U.S. Dist. LEXIS 13369, at * 40 (E.D.N.Y. Feb. 17, 2009). Only where the balance of convenience and justice weigh heavily in favor of defendant's preferred forum will a court overrule Plaintiff's selection. See Am S.S. Owners Mut. Prot. & Indent. Ass'n, Inc. v. LaFarge North Am., Inc., 474 F.Supp.2d 474, 480 (S.D.N.Y. 2007). In this case, Zelouf's choice of venue should not be disturbed.

      Lito claims that it will be greatly inconvenienced by bringing its witnesses to New York. However, Zelouf (and possibly defendant Sears Holdings Corp, which is located in Illinois) will face a similar inconvenience if forced to litigate in California. Not only are Zelouf and its witnesses located in this judicial district, but also Zelouf's documents, including information concerning the relevant copyrights, are located in this judicial district. Therefore, at the very least, both parties face similar inconvenience in this regard and "[t]he purpose of § 1404(a) is not to shift the inconvenience from one party to another." Laumann Mfg. Corp. v. Castings USA, 913 F.Supp.712, 721 (E.D.N.Y. 1996); see also Am. S.S. Owners Mut. Prot. & Indent. Ass'n, Inc. v. La Farge North Am., Inc., 474 F.Supp.2d 474, 484 (S.D.N.Y. 2007) ("[P]laintiff's Club headquarters and only U.S. offices are in New York, and I find no reason to question its assertion that New York is more convenient for it. At most, then, defendant would merely shift the burden of inconvenience from one party to the next, a result that does not cause the factor to weigh in its favor."). Accordingly, the Southern District of New York is a convenient and appropriate forum for this action.

      In summary, as a matter of judicial economy and efficiency and in the interests of justice, Zelouf respectfully requests that Your Honor deny Lito leave to file its Proposed Motion and allow the parties to commence discovery.

                                            Respectfully,

                                            /s/

                                            Michael G. Goldberg

1234781

**PRYOR CASHMAN LLP**

Hon. Andrew L. Carter, Jr.
May 14, 2013
Page 4


cc:	Todd D. McCormick, Esq. (via e-mail)
	Julie Bookbinder, Esq. (via e-mail)
	Scott A. Burroughs, Esq. (via email)

1234781