ATTORNEYS AT LAW

225 LIBERTY STREET, 28TH FLOOR   NEW YORK, NY 10281-1008

www.sedgwicklaw.com   212.422.0202 *phone*   212.422.0925 *fax*

# Sedgwick LLP

*Todd D. McCormick*
*(212) 898-5556*
*todd.mccormick@sedgwicklaw.com*

April 1, 2014

*Via Electronic Mail*
Hon. Andrew L. Carter, Jr., U.S.D.J.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: Zelouf International Corp. v. Nael, Inc., et al.
   Civ. Act. No. 13-CV-1788 (ALC)(JCF)
   File No.: 00214-009006

Dear Judge Carter:

    As you may recall, this office represents the defendant Lito Children's Wear, Inc. ("Lito") in the above-referenced action. Plaintiff Zelouf International Corp. ("Zelouf"), a supplier of fabric to garment manufacturers, asserts four (4) claims for relief against Defendants Lito and Na El, Inc. ("Na El") for copyright infringement. Initially, Sears Holding Corp. was named as a defendant, but has since settled out of this matter.

    We previously submitted a letter to the Court requesting a pre-motion conference to address issues related to venue on May 15, 2013, however, the Court first had to resolve all issues related to jurisdiction before addressing the proposed venue motion. Now that the Court has denied Na El's motion to dismiss for lack of jurisdiction, we are looking to renew our request for a pre-motion conference in accordance with your individual practices.

    To that end, we write on behalf of Lito to arrange a pre-motion conference to discuss a briefing schedule for a proposed motion pursuant to Fed. R. Civ. P. 12(b)(3) for an order dismissing Zelouf's Complaint for improper venue, or in the alternative, to transfer venue to the Central District of California pursuant to 28 U.S.C. §§ 1406(a) and 1404(a). We understand that defendant Na El intends to join Lito's Motion to Dismiss, or alternatively, to Transfer this matter.

    We simultaneously request that an extension of time be granted for Lito to submit its Answer until the Court has an opportunity to rule on the proposed motion. Furthermore, we request that the pre-trial conference to set a discovery schedule (presently scheduled for April 8, 2014 at 2:00 P.M.) be stayed until the Court has an opportunity to rule on the proposed motion.

///

Hon. Andrew L. Carter, Jr., U.S.D.J.
Re: Zelouf International Corp. v. Nael, Inc., et al.
  Civ. Act. No. 13-CV-1788 (ALC)(JCF)
April 1, 2014
Page 2

The proposed motion to dismiss is based on the fact that: (1) venue is not proper in the United States District Court for the Southern District of New York; (2) this matter could have been properly brought in the United States District Court for the Central District of California; and (3) the interests of justice necessitate a transfer of this matter to the Central District of California.

Title 28 U.S.C. §1391(b) states in pertinent part that "[a] civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; . . .."

The Southern District of New York is not a proper venue because none of the defendants reside in the State of New York, and none of the events giving rise to Zelouf's claims occurred in the State of New York, much less the Southern District. Indeed, Defendants Lito and Na El are both California corporations with their principal places of business in the Central District of California. Furthermore, Zelouf's claims arise out of alleged copyrighted fabrics that were sold by Na El and another supplier to Lito in the Central District of California. For reasons unknown, Plaintiff Zelouf has refused to name the other supplier, Fab N Lace Corporation ("Fab N Lace") as a defendant in this matter. However, Fab N Lace also has its principal place of business in the Central District of California. Indeed, all of the allegedly infringing conduct occurred in the Central District of California, and all of the allegedly infringing products are located in the Central District of California.

Furthermore, in the alternative, the interests of justice necessitates a transfer of this matter to the Central District of California. In *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 11 F.Supp.2d 729, 730 (S.D.N.Y. 1998), the Southern District looked to nine factors when determining whether it should exercise its discretion to transfer the matter to a more proper venue: "(1) the convenience of the witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances."

Here, the majority of witnesses to the events alleged in the Complaint are located in the Central District of California. The documents relevant to Zelouf's claims are primarily located in the Central District. The Central District is a more convenient venue for both Lito and Na El (and unnamed party Fab N Lace), since their principal places of business are located within the district. Furthermore, requiring Lito and Na El to litigate this matter in the Southern District would cause substantial financial hardship to the respective defendants given the limited resources available to each. Indeed, with the exception of giving deference to the plaintiff's choice of forum, none of the above-listed factors weigh in favor of keeping this action venued in the Southern District of New York. Rather, to the extent the other factors have any applicability to this matter, they collectively weigh in favor of a transfer to the Central District of California.

///

///

///

Hon. Andrew L. Carter, Jr., U.S.D.J.
Re:  Zelouf International Corp. v. Nael, Inc., et al.
      Civ. Act. No. 13-CV-1788 (ALC)(JCF)
April 1, 2014
Page 3

For the foregoing reasons, Defendant Lito respectfully requests a pre-motion conference to discuss a briefing schedule for its proposed motion to dismiss Zelouf's claims against it for copyright infringement. Furthermore, we respectfully request that the time for filing an Answer, and the pretrial conference related to setting a discovery schedule, be stayed until the Court has ruled upon the proposed motion.

Thank you for your consideration of this matter.

Respectfully submitted,

s/
Todd D. McCormick (TM 2337)
Sedgwick LLP

TDM

## CERTIFICATE OF SERVICE

I, Todd D. McCormick, hereby certify and affirm that a true and correct copy of the attached **LETTER** dated **APRIL 1, 2014** was served via U.S. Mail and Electronic Mail on this 1ST day of April, 2014, upon the following:

MICHAEL G. GOLDBERG, Esq.
Pryor Cashman LLP
7 Times Square
New York, NY 10036
Telephone: (212) 421-4100
Facsimile: (212) 326-0806
Email: *mgoldberg@pryorcashman.com*
*Attorney for Plaintiff*

SCOTT A. BURROUGHS
Doniger / Burroughs APC
300 Corporate Points, Suite 355
Culver City, CA 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538
Email: *scott@donigerlawfirm.com*
*Attorney for Na El, Inc.*

MICHAEL STEGER
Steger Krane LLP
1601 Broadway, 12th Floor
New York, NY 10019
Telephone: (212) 736-6800
Facsimile: (845) 689-2155
Email: *msteger@skattorney.com*
*Co-Counsel for Na El, Inc.*

s/ _____
Todd D. McCormick (TM 2337)

Dated:   New York, New York
         April 1, 2014