

# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806        www.pryorcashman.com

Michael G. Goldberg

Direct Tel: 212-326-0244
Direct Fax: 212-798-6338
mgoldberg@pryorcashman.com

April 2, 2014

**VIA ECF AND ELECTRONIC MAIL**

Hon. Andrew L. Carter, Jr. U.S.D.J.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:   *Zelouf International Corp. v. Na El, Inc. and Lito Children's Wear, Inc.*,
            13 CV 1788 (ALC)(JCF)

Dear Judge Carter:

    As you Your Honor is aware, this firm represents Plaintiff Zelouf International Corp. ("Zelouf") in connection with the above matter. We wrote to the Court yesterday to respond to the request by Defendant Lito Children's Wear, Inc. ("Lito") for a pre-motion conference in connection with a proposed motion to transfer venue. We now write to respond to a letter submitted by counsel for the other Defendant in this case, Na El, Inc. ("Na El"), which made a similar demand today.

    The majority of Na El's letter to the Court is devoted to the issue of jurisdiction. However, there is no request for leave to file a motion to reargue the decision issued by Your Honor last week which expressly held that Na El is subject to jurisdiction in this judicial district.[1] Thus, it is entirely unclear why Na El even references that case in a letter requesting leave to file a motion to change venue. Counsel for Na El also submits a photograph of one of the designs at

---

[1] As a brief aside, Na El's attempt to rely on an unreported copyright infringement case brought by Zelouf against an entity named Kandy Kiss of California, Inc. and others is misplaced. First, that case involved an entirely different set of the facts that are easily distinguished from those at bar, including the involvement of a defendant that sold nothing in New York (as opposed to Na El, whose significant sales in New York were highlighted by this Court). Moreover, an amended complaint was served in that case which properly alleged jurisdiction, following which the Defendants appeared before Magistrate Judge Francis for a settlement conference and paid Zelouf to amicably settle the case.

**PRYOR CASHMAN LLP**

Hon. Andrew L. Carter, Jr. U.S.D.J.
April 2, 2014
Page 2

issue and attempts to raise an issue concerning the underlying merits of one of Zelouf's claims (where Na El sold fabric bearing an identical copy of the design for which Zelouf had previously obtained a copyright registration). Of course this also has nothing to do with the relief Na El now appears to be requesting.

As set forth in our letter of yesterday, both Na El and Lito are subject to personal jurisdiction in New York, and thus there is no basis for either to move to dismiss based upon improper venue. Moreover, on a motion to transfer venue pursuant to 28 U.S.C. §1404(a), a plaintiff's choice of forum is entitled to significant deference. In addition, even the letters filed by Na El and Lito confirm that the convenience of the parties and witnesses are critical factors in the §1404 analysis. Thus, it cannot be disputed that the identity and location of the retail customers who sold the products bearing the infringing fabric must be identified by Lito and then included in an amended complaint *before* the issue of the transfer of venue can properly be considered by this Court. Arguments to the contrary, both by Na El and Lito, are without merit and intended only to delay and to frustrate the prosecution of this action.

Further, we have spoken with counsel for Lito following the transmittal of our letter to Your Honor dated April 1, 2014. So as to avoid confusion, we confirm that Lito has produced certain documents concerning its sale of products bearing the infringing fabric. However, Lito specifically redacted the names of its customers in every instance. The import of this redaction is two-fold. First, counsel for Lito willfully disregarded this Court's Order as part of a calculated effort to preclude Zelouf from amending the complaint to name all parties in the chain of infringement. Second, it is not possible to meaningfully assess the issue of venue without knowing the identity of the customers.[2]

Finally, it is worth re-stating that this Court has already specifically considered and decided this precise issue. In response to a request by the undersigned during the May 29, 2013 conference, Your Honor directed Lito to identify the names of its customers in order to enable Zelouf to add those parties as defendants. The relevant page from the transcript of the May 29, 2013 conference is annexed hereto. The effort by counsel for Lito and Na El to rush forward

---

[2] Although the location of a shipment and a billing address are included in the documents, that limited information precludes any meaningful analysis of the issue of venue. By way of example only, although an invoice could indicate that Lito delivered goods and transmitted an invoice to a location in Dayton, Ohio, the addresses may well be a distribution center for a major department store with locations throughout New York (thus further supporting the conclusion that venue in New York is proper). Moreover, even if out of state, many of the defendants to be added to this action (including those located throughout the northern and eastern U.S. for example) are likely to prefer that this case proceed in New York, not California. This is why all defendants are entitled to be heard on a motion to transfer venue.

## PRYOR CASHMAN LLP

Hon. Andrew L. Carter, Jr. U.S.D.J.
April 2, 2014
Page 3

with a motion to transfer venue before all parties are added is simply an effort to gain tactical advantage from Lito's wilfull disregard of Court Orders, and to have a motion decided by the Court based upon incomplete information.

      Accordingly, we renew our request that the conference before Justice Francis proceed with respect to, *inter alia*, discovery and Lito's discovery failures. Only after all entities involved in the infringement have been named and included in this action would it be appropriate for a party to file a motion to transfer venue.

                                      Respectfully submitted,

                                      Michael G. Goldberg

cc:     Todd D. McCormick, Esq. *(via electronic mail)*
         Scott Burroughs, Esq. *(via electronic mail)*
         Todd McCormick, Esq. *(via electronic mail)*

```
                                                                    1
     D5T5zelC                    conference
 1   UNITED STATES DISTRICT COURT
 1   SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 2
 3   ZELOUF INTERNATIONAL CORP.,
 3
 4              Plaintiff,
 4
 5         v.                               13 CV 1788 (ALC)
 5
 6   NAEL, INC., et al.,
 6
 7              Defendants.
 7
 8   ------------------------------x
 8
 9                                          May 29, 2013
 9                                          3:05 p.m.
10   Before:
10
11              HON. ANDREW L. CARTER,
11
12                                          District Judge
12
13                       APPEARANCES
13
14   PRYOR CASHMAN, LLP
14        Attorneys for Plaintiff
15   BY:  MICHAEL G. GOLDBERG
15        STEPHANIE KLINE
16
16   STEGER KRANE, LLP
17        Attorneys for Defendant Nael
17   BY:  MICHAEL D. STEGER
18
18   SEDGWICK, LLP
19        Attorneys for Defendant Lito Children's Wear
19   BY:  TODD D. McCORMICK
20
21
22
23
24
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                16
     D5T5zelC                  conference
 1              MR. GOLDBERG:  Your Honor, may I make one other
 2   request?  That is, may I be allowed to conduct very limited
 3   discovery of Lito who has answered and hasn't raised a
 4   jurisdictional defense, just to find out who the proper parties
 5   are so I can work on amending the complaint during this interim
 6   period of time?  Because but for that, then we are going to be
 7   starting with rejiggering the complaint three months from now.
 8              THE COURT:  Let me hear from Defendant Lito on that.
 9              MR. McCORMICK:  Our position is, your Honor, until we
10   have the jurisdiction issue out of the way there is really no
11   reason to conduct discovery.  I am more than willing to work
12   with plaintiff's counsel.  I have given information to
13   plaintiff's counsel informally.  I just don't want to have to
14   go through the process of conducting formal discovery.  If it
15   is going to be all for not --
16              THE COURT:  But the jurisdictional issue doesn't
17   affect Defendant Lito, right?
18              MR. McCORMICK:  That's correct.
19              THE COURT:  So, let's go ahead and have the plaintiff
20   take that discovery regarding that limited discovery regarding
21   venue with Defendant Lito.
22              Anything else from plaintiff today?
23              MR. GOLDBERG:  Your Honor, there is one other small
24   matter.  I have resolved our claims against Sears so we are
25   negotiating the terms of a settlement agreement.  As soon as
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```