**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ZELOUF INTERNATIONAL CORP.,

        Plaintiff,

v.

NA EL, INC.; ET AL,

        Defendants.

**ECF CASE**

Case No.: 13-cv-1788-ALC

**STIPULATION AND REQUEST FOR ENTRY OF PROTECTIVE ORDER**

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by and between the parties, through their respective undersigned counsel, that the Protective Order as set forth herein be entered and be adopted for the protection of confidential information disclosed during this action:

1. Any party producing information in this action (whether orally during testimony at depositions, in interrogatory answers, through production of documents and things, in answering requests for admission, or otherwise) that has not been made public and that the party in good faith reasonably believes reflects confidential information within the scope of Rule 26(c)(7) of the Federal Rules of Civil Procedure may designate such information "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" as specified below. Information so designated by either party and marked as specified below will thereafter be subject to the provisions of this Stipulated Protective Order unless otherwise ordered.

2. Any such information that is disclosed by or on behalf of any party in this action, if in writing (e.g., in a document or an interrogatory answer), shall be stamped or otherwise clearly marked either CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS

ONLY on each page of the writing on which such information is disclosed, or, if through production of a thing, shall be labeled or otherwise clearly marked CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY.

3. Information may be marked:

(a) CONFIDENTIAL only if it contains trade secrets, competitively sensitive information or other confidential information the present disclosure of which would, in the good faith belief of the designating party, be detrimental to the designating party in the conduct of its business; or

(b) CONFIDENTIAL - ATTORNEYS ONLY if it meets the requirements of items designated as CONFIDENTIAL and, in addition, the further disclosure of which poses an unreasonable risk of material harm to the designating party.

4. Any information that is produced under this order shall be classified at the lowest level of confidentiality that is sufficient to reasonably protect that information, with the designation CONFIDENTIAL being a lower level of confidentiality than the designation CONFIDENTIAL - ATTORNEYS ONLY. Counsel for the parties shall, from time to time or on request from opposing counsel, review current classifications and either declassify or lower classifications in order to reflect the current reasonableness of such classifications.

5. Stamping or marking of the information as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY shall take place prior to handover of the information by the producing party. In the event that documents and things are produced for inspection, no marking need be made by the producing party in advance of the inspection. For purposes of the inspection, all documents and things produced shall be considered as marked CONFIDENTIAL - ATTORNEYS ONLY. Thereafter, upon selection of specified

documents and things for copying or reproduction by the inspecting party, the producing party shall mark as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY the copies of such documents and things that the providing party believes contain information that falls within the appropriate confidentiality designation at the time the copies are handed over to the inspecting party.

6. Any such information that is disclosed orally by or on behalf of any party in this action (e.g., during a deposition) may be designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY subject to the provisions of this Stipulated Protective Order by so designating the oral testimony or portions thereof.  A party may make such a designation by making an appropriate statement at the time of the testimony.  The disclosing party shall have the right to exclude from attendance at said deposition any person other than the deponent, trial counsel (including their staff and associates), the Court reporter, and the person(s) agreed upon pursuant to paragraph 8 below, during such time as the information designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY is to be disclosed.  The originals of said deposition transcripts and all copies thereof shall bear the legend CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY, as appropriate, and the original shall at the time of filing with the Court be sealed, identified as being subject to this Order, and not opened except by order of this Court.

7. In the event that the producing party inadvertently fails to designate as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY any information that is produced and that the producing party reasonably believes should be so designated, the producing party may subsequently make such a designation by notifying opposing counsel in writing as soon as practicable.  After receipt of such notification, the party to

whom disclosure has been made will treat the information as if designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY subject to the requirements of this Stipulated Protective Order.

8. Any information designated CONFIDENTIAL - ATTORNEYS ONLY in accordance with paragraphs 1-7 above may be shown, and its contents disclosed, only to:

(a) Outside counsel specifically retained by the receiving party for advice concerning this action and necessary clerical and legal support personnel employed by such outside counsel; and

(b) Independent experts or independent consultants retained by counsel of record for purposes of this proceeding, subject, however, to the limitations and requirements contained in paragraph 9 below.

9. Any information designated CONFIDENTIAL in accordance with paragraphs 1-7 above may be shown, and its contents disclosed, in addition to those persons identified above, only to:

(a) one employee of the receiving party (or of a related company of which the receiving party is a wholly-owned subsidiary) who has been designated by that party for participation in policy decisions with regard to this action; and

(b) Stenographic and clerical employees associated with any of the individuals enumerated above.

Under no circumstance may information designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY be disclosed to any person or entity other than those identified respectively above except with the prior written consent of the producing party. However, any person indicated on the face of the document or thing as its

originator, author or a recipient of a copy thereof may be shown the same.

10.     Before counsel of record for a receiving party discloses information designated CONFIDENTIAL - ATTORNEYS ONLY to any independent expert or independent consultant pursuant to paragraph 8(b) above, and before counsel of record for a receiving party discloses information designated CONFIDENTIAL to the one referred to in paragraph 8(c), the proposed expert, independent consultant or employee must first execute a copy of the declaration attached hereto as Exhibit A and thereby agree to be bound by the provisions of this Stipulated Protective Order.

11      All information disclosed in this proceeding, whether or not designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY, may not be used for any business purpose whatsoever.

12.     If the party to whom CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY information has been produced believes that any of the documents, things or information has been improperly designated, the receiving party may at any time request the party which made the designation to cancel the designation with respect to any documents, things or information and to agree that thereafter such document, thing or information will no longer be subject to certain or all of the provisions of this Stipulated Protective Order.  Such request shall be in writing and shall particularly identify the information that is contested.  If the party which produced the documents, things, or information objects to the requested declassification, it must, within two weeks of its receipt of the request to declassify or such other time as the parties may mutually agree, file and serve a motion for a protective order supporting its classification.  The party seeking such designation shall have the burden of establishing the status of the particular document, thing, or information.  If no such motion is timely filed, the party

objecting to the designation shall be entitled to treat the documents and/or information in accordance with the written request of such party. The failure of a receiving party to object to a certain designation does not constitute a concession, waiver or admission such document, thing or information constitutes CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY information. The provisions of this Stipulation and Protective Order shall also apply to answers to interrogatories which are designated as containing or comprising CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY information.

13. No CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY information shall be filed in the public record of this action. All material so designated that is filed with the Court shall be filed in a sealed envelope and kept under seal by the Clerk of the Court until further order of the Court. To facilitate compliance with this order by the Clerk's office, material filed under the designation CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY shall be contained in a sealed envelope bearing such designation on its front face. In addition, the envelope shall bear the caption of the case, shall contain a concise, non-disclosing inventory of its contents for docketing purposes, and shall state thereon that it is filed under the terms of this Order.

14. Non-parties who provide confidential information in response to a subpoena or discovery request in this action may invoke the protections of this Stipulated Protective Order for such information by designating that information CONFIDENTIAL or CONFIDENTIAL - ATTORNEY'S EYES ONLY in accordance with the terms of this Order.

15. This Stipulated Protective Order is without prejudice to the right of any party to seek relief from or modification of any provision contained herein after notice to the

other party.

16. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

  (a) was, is or becomes public knowledge, not by any act of a party or person in violation of this Stipulated Protective Order;

  (b) is independently acquired by the non-designating party by itself or from a third party having the right to disclose such information or material; or

  (c) was lawfully possessed by the non-designating party prior to the entry by the Court of this Order.

17. All documents, things, deposition transcripts, interrogatory answers and other information designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY under the terms of this Stipulated Protective Order shall be returned to counsel representing the producing party or shall be destroyed in accordance with agreement of counsel, within thirty (30) days following this action's final determination. Counsel for each party may retain copies of all pleadings, motions and other documents filed with

the Court.

18. The parties agree to submit this Stipulated Protective Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court. This Stipulated Protective Order shall remain in effect unless modified by an Order of the Court or by written stipulation of the parties filed with the Court.

PRYOR CASHMAN, LLP

By: _____
Michael Goldberg
7 Times Square
New York, NY 10036
Attorneys for Plaintiff Zelouf International Corp.

STEGER KRANE LLP

By: _____
Michael D. Steger
1601 Broadway, 12th Floor
New York, NY 10019
Attorneys for Defendant NA EL, INC.

So Ordered this ____ day of _____, 2014

_____
Hon James Francis
United States Magistrate Judge

8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ZELOUF INTERNATIONAL, INC.,

        Plaintiff,

v.

NA EL, INC.; ET AL,

        Defendants.

ECF CASE

Case No.: 13-cv-1788-AC

**STIPULATION AND REQUEST FOR ENTRY OF PROTECTIVE ORDER**

## DECLARATION

I, _____, declare that I have read the Stipulated Protective Order signed by the parties and ordered by the Court in this proceeding, that I understand its terms, and that I agree to be bound by all of the requirements and restrictions of said Order. I declare under penalty of perjury that the foregoing is true and correct.

Date:_____

_____