UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZELOUF INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> NA EL, INC., LITO CHILDREN'S WEAR, INC., PINK PRINCESS, INC. LIEBMAN'S CHILDREN'S CLOTHING & SCHOOL UNIFORMS, INC., SOPHIA'S STYLE BOUTIQUE, INC., ZULILY, INC. AND SO SWEET BOUTIQUE, LLC, <br><br> Defendants. | No. 13-cv-01788 (ALC) (JCF) <br><br> **NA EL, INC.'S:** <br> **I.  ANSWER TO AMENDED COMPLAINT** <br> **II. COUNTERCLAIM** <br><br> **JURY DEMANDED** |
| NA EL, INC, <br><br> Counter-claimant, <br><br> v. <br><br> ZELOUF INTERNATIONAL CORP.; DOES 1-10, <br><br> Counter-defendants. | |

The defendant and counter-claimant, Na El, Inc. ("Na El"), asserts its answer and counter-claims to Zelouf International, Inc.'s ("Zelouf")'s averments, claims, and allegations as follows:

## JURISDICTION AND VENUE

1. Allegations set forth in this paragraph of the Amended Complaint include legal conclusions to which no response is needed.

2. Defendant denies allegations set forth in this paragraph of the Amended Complaint.

## THE PARTIES

3. Defendant admits Plaintiff Zelouf is a New York corporation with an office in the city and county of New York and that Plaintiff Zelouf is engaged in the business of, *inter alia,* designing, manufacturing and selling textile fabrics.

4. Defendant Na El admits it is a California corporation with a principal place of business at 5827 Vanalden Avenue, Tarzana, California 91356, and is engaged in the business of, *inter alia,* manufacturing, importing and selling textile fabric. Defendant Na El is without sufficient information to admit or deny the remainder.

5. Defendant lacks sufficient information to either admit or deny the allegations set forth in this paragraph of plaintiff's Amended Complaint.

6. Defendant lacks sufficient information to either admit or deny the allegations set forth in this paragraph of plaintiff's Amended Complaint.

7. Defendant lacks sufficient information to either admit or deny the allegations set forth in this paragraph of plaintiff's Amended Complaint.

8. Defendant lacks sufficient information to either admit or deny the allegations set forth in this paragraph of plaintiff's Amended Complaint.

9. Defendant lacks sufficient information to either admit or deny the allegations set forth in this paragraph of plaintiff's Amended Complaint.

10. Defendant lacks sufficient information to either admit or deny the allegations set forth in this paragraph of plaintiff's Amended Complaint.

**BACKGROUND**

11. Defendant lacks sufficient information to either admit or deny the allegations set forth in this paragraph of plaintiff's Amended Complaint.

12. Defendant admits that it has sold goods to Lito. Defendant denies the remainder of the allegations set forth in this paragraph of plaintiff's Complaint.

**The 8933 Design**

13. Defendant denies the allegations set forth in this paragraph of the plaintiff's Amended Complaint.

14. Defendant admits that the design contains copyrightable subject matter, but lacks sufficient information to admit or deny the remainder.

15. Defendant denies the allegations set forth in this paragraph of the plaintiff's Amended Complaint.

16. Defendant denies the allegations set forth in this paragraph of the plaintiff's Amended Complaint.

17. Defendant denies the allegations set forth in this paragraph of the plaintiff's Amended Complaint.

**The PLD6676 Design**

18. Defendant denies the allegations set forth in this paragraph of the plaintiff's Amended Complaint.

19. Defendant denies the allegations set forth in this paragraph of the plaintiff's Amended Complaint.

20. Defendant denies the allegations set forth in this paragraph of the plaintiff's Amended Complaint.

21. Defendant denies the allegations set forth in this paragraph of the plaintiff's Amended Complaint.

22. Defendant denies the allegations set forth in this paragraph of the plaintiff's Amended Complaint.

## AS AND FOR A FIRST
## CLAIM AGAINST ALL DEFENDANTS
## (Copyright Infringement—"8933")

23. Defendant repeats and re-alleges each and every response set forth in the preceding paragraphs of plaintiff's Amended Complaint and makes them a part hereof.

24. Defendant denies the allegations set forth in this paragraph of the plaintiff's Amended Complaint.

25. Defendant denies the allegations set forth in this paragraph of the plaintiff's Amended Complaint.

26. Defendant denies the allegations set forth in this paragraph of the plaintiff's Amended Complaint.

27. Defendant denies the allegations set forth in this paragraph of the plaintiff's Amended Complaint.

28. Defendant denies the allegations set forth in this paragraph of the plaintiff's Amended Complaint.

29. Defendant denies the allegations set forth in this paragraph of the plaintiff's Amended Complaint.

30. Defendant denies the allegations set forth in this paragraph of the plaintiff's Amended Complaint.

31. Defendant denies the allegations set forth in this paragraph of the plaintiff's Amended Complaint.

### AS AND FOR A SECOND
### CLAIM AGAINST ALL DEFENDANTS
### (Copyright Infringement – "6676")

32. Defendant repeats and re-alleges each and every response set forth in the preceding paragraphs of plaintiff's Amended Complaint and makes them a part hereof.

33. Defendant denies the allegations set forth in this paragraph of the plaintiff's Amended Complaint.

34. Defendant denies the allegations set forth in this paragraph of the plaintiff's Amended Complaint.

35. Defendant denies the allegations set forth in this paragraph of the plaintiff's Amended Complaint.

36. Defendant denies the allegations set forth in this paragraph of the plaintiff's Amended Complaint.

37. Defendant denies the allegations set forth in this paragraph of the plaintiff's Amended Complaint.

38. Defendant denies the allegations set forth in this paragraph of the plaintiff's Amended Complaint.

39. Defendant denies the allegations set forth in this paragraph of the plaintiff's Amended Complaint.

### AFFIRMATIVE DEFENSES

As and for separate affirmative defenses, Defendant Na El alleges:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by applicable law, rule, statute, or regulation.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages are the result of its own willful misconduct or negligence, and therefore defendant is not liable for any such damages.

**SIXTH AFFIRMATIVE DEFENSE**

At all times relevant to the subject matter of this lawsuit, Defendant complied with all applicable statutory laws and regulations.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Defendant are barred by the doctrine of acquiescence.

**EIGHTH AFFIRMATIVE DEFENSE**

If Plaintiff sustained any damages, which Defendant denies, the damages were caused by Plaintiff's sole intentional acts or willful misconduct, and Plaintiff is barred from recovery.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

None of the damages and/or costs sought by Plaintiff are properly recoverable in this action.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrines of collateral estoppel and res judicata.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to institute the action within the time periods set forth in applicable statutes of limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint and claims asserted by Plaintiff are barred by Plaintiff's failure to name indispensable and necessary parties.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff's Designs 6676 and 8933 are neither original nor copyrightable, and Plaintiff's purported copyright registrations are invalid.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant lacked access to Plaintiff's designs.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant and/or third parties independently created the allegedly infringing designs.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff committed fraud on the Copyright Office in connection with the obtainment of its copyright registrations.

## COUNTERCLAIM

Counter-claimant Na El brings these claims against Zelouf for infringement. Zelouf has alleged, claimed, averred, argued, and judicially admitted that its "8933" design is substantially similar to Na El's NA751 design, both generally, and as it appears in Exhibit B to the Amended Complaint. Na El's design, however, was published, at the latest, on January 16, 2007. This publication predates by more than two years the publication of Zelouf's 8933 design, which Zelouf admits was published on September 15, 2009. Per Zelouf's own allegations, Zelouf has infringed Na El's rights in the NA751 design.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Counter-claimant is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendants because they have extensive contacts with, and conduct business within this district.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5. Na El is a corporation organized and existing under the laws of the State of California.

6. Counter-claimant is informed and believes and thereon alleges that Counter-defendant Zelouf is a New York corporation doing business in New York and California.

7. Counter-claimant is informed and believes and thereon alleges that Counter-defendant DOES 1-4, inclusive, are manufacturers, and/or vendors (and/or agent or employee of manufacturers or vendors) of garments to Counter-defendant, which DOE Counter-defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product printed with Counter-claimant's copyrighted design (as hereinafter defined) without Counter-claimant's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Counter-defendants DOES 1-4, inclusive, are presently unknown to Counter-claimant, which therefore sues said Counter-defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

8. Counter-defendants DOES 5 through 10, inclusive, are other parties not yet identified who have infringed Counter-claimant's copyrights, have contributed to the infringement of Counter-claimant's copyrights, or have engaged in one or more of the wrongful practices alleged herein, including but not limited to retail stores and others who have sold the garments at issue in this case. The true names, whether corporate, individual or otherwise, of Counter-defendants 5 through 10, inclusive, are presently unknown to Counter-claimant, which therefore sues said Counter-defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Counter-claimant is informed and believes and thereon alleges that at all times relevant hereto each of the Counter-defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Counter-defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and

all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Counter-claimant's rights and the damages to Counter-claimant proximately caused thereby.

## BACKGROUND FACTS

10. Prior to September 15, 2009, when Zelouf admitted it published its "8933" design, Counter-claimant created, and was publishing and offering for sale, a wholly original floral print entitled "NA751." At the latest, Na El had published and was offering for sale the NA751 design on January 16, 2007. This artwork is and at all relevant times was, owned in exclusivity by Counter-claimant. Na El has sold thousands of yards bearing this design to customers. An image of NA751 is set forth below:

### NA751



11. Prior to filing of this counterclaim, Counter-claimant submitted NA751 for registration with the United States Copyright Office.

12. After marketing NA751 for years, and making numerous sales of fabric bearing NA751 to its customers, Na El discovered that Zelouf was marketing and selling fabric bearing the 8933 design, and filing legal claims in connection with its putatively original 8933 design.

### **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement - Against All Counter-defendants)

13.  Counter-claimant repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

14. Counter-claimant is informed and believes, and based thereon alleges, Zelouf took access to Na El's NA751 design directly through Na El, or a Na El customer, or from lawful Na El fabric in the marketplace, or from an internet or marketplace source.

15. In the legal claims alleged in the Amended Complaint, and elsewhere in connection with this action, Zelouf has alleged, claimed argued, averred, stated, and judicially admitted that the 8933 design is substantially similar to NA751, including without limitation, as NA751 appears in Exhibit B to the Amended Complaint.

16. Zelouf has alleged, claimed, argued, averred, stated, and judicially admitted NA751 and 8933 are copies and reproductions of one another.

17. On information and belief, Na El alleges that Zelouf has sold fabric bearing the 8933 design to a number of DOE Defendants, and made such sales without the authorization of Na El.

18. On information and belief, Na El alleges that DOE Defendants have sold fabric bearing Zelouf's 8933 design, and garments comprised of such fabric, to their customers.

19. Due to Counter-defendants' conduct, Counter-claimant has suffered substantial damages to its business in an amount to be established at trial.

20. Due to Counter-defendants' conduct, Counter-claimant has suffered general and special damages in an amount to be established at trial.

21. Given Zelouf's judicial admission that its 8933 design and Na El's NA751 design are substantially similar and copies of one another, Counter-defendants, and each of them, have obtained direct and indirect profits resultant from design misuse. Na El seeks disgorgement of these profits.

22. Plaintiff is informed and believes, and thereon alleges that Counter-defendants, and each of them, engaged in the conduct alleged herein willfully, and with knowledge of Na El's

rights in NA751. Plaintiff is further informed and believes, and thereon alleges, that Zelouf has engaged in fraud on the U.S. Copyright Office.

## PRAYER FOR RELIEF

Wherefore, Na El prays for judgment as follows:

### Against All Plaintiff and all Counter-defendants

#### With Respect to Each Claim for Relief

a. That Plaintiff take nothing in connection with its claims for infringement, that the claims in the amended complaint be dismissed with prejudice, and that Defendant recover the costs and attorneys' fees incurred in connection with the claims in the amended complaint;

b. That Plaintiff's copyright registrations in designs 8933 and PLD6676 be cancelled;

c. That judgment be entered for Na El in connection with its counter-claims;

d. That Na El be awarded all profits of Counter-defendants plus all losses of Na El, plus any other monetary advantage gained by the Counter-defendants through their infringement, the exact sum to be proven at the time of trial;

e. That Na El be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

f. That Na El be awarded pre-judgment interest as allowed by law;

g. That Na El be awarded the costs of this action; and

h. That Na El be awarded such further legal and equitable relief as the Court deems proper.

A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

                                                Respectfully submitted,

DATED: July 3, 2014                  STEGER KRANE LLP

                              By:   /s/ Michael D. Steger_____
                                   Michael D. Steger (MS2009)
                                   1601 Broadway, 12th Floor
                                   New York, NY  10019
                                   (212) 736-6800
                                   (845) 689-2155 (fax)
                                   msteger@skattorney.com
                                   *and*
                                   Scott A. Burroughs, Esq.
                                   Doniger / Burroughs APC
                                   300 Corporate Pointe, Suite 355
                                   Culver City, CA 90230
                                   (310) 590-1820
                                   (310) 417-3538(fax)
                                   scott@donigerlawfirm.com
                                   (*pro hac vice* application to be submitted)
                                   Attorneys for Na El, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of July 2014, I served a true and correct copy of Defendant Na El, Inc.'s. Answer and Counterclaim to counsel for all parties by ECF.

    /s/ Michael D. Steger
Michael D. Steger