

# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036-6569  Tel: 212-421-4100  Fax: 212-326-0806          www.pryorcashman.com

**Michael G. Goldberg**

Direct Tel: 212-326-0244
Direct Fax: 212-798-6338
mgoldberg@pryorcashman.com

August 1, 2014

**VIA ECF AND ELECTRONIC MAIL**

Hon. Andrew L. Carter, Jr. U.S.D.J.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Zelouf International Corp. v. Na El, Inc. and Lito Children's Wear, Inc.*,
      13 CV 1788 (ALC)(JCF)

Dear Judge Carter:

As Your Honor will recall, we represent plaintiff Zelouf International Corp. ("Zelouf") in the above-referenced copyright infringement case against Defendants Lito Children's Wear, Inc. ("Lito") and Na El, Inc. ("Na El"). We write pursuant to Your Individual Rules of Practice to request a pre-motion conference for (i) leave to withdraw a claim by Zelouf for infringement of one of the two designs in a recently filed Amended Complaint, and (ii) to dismiss a counterclaim filed by Na El.

Background

By way of background, Zelouf originally commenced this action against Lito (a garment manufacturer) and Na El, a fabric supplier, for infringing four separate copyrighted textile designs (a plaid design, a damask design and two other designs). Through discovery, Zelouf was able to determine that Na El was a fabric supplier for only two of the designs (the plaid and the damask designs), and filed an Amended Complaint which included only those two designs. Shortly thereafter, in connection with settlement discussions, Lito advised that although it had previously purchased a damask pattern from Na El, the specific damask pattern which infringed Zelouf's design had actually been obtained from a different fabric supplier. Zelouf completed its settlement with Lito, and now seeks to proceed against Na El (and Na El's customers) on the one remaining design which Na El has conceded it supplied (namely the plaid design).[1]

---

[1] Zelouf is currently negotiating an amicable resolution with the company that supplied the infringing damask design.

# PRYOR CASHMAN LLP

Hon. Andrew L. Carter, Jr. U.S.D.J.
August 1, 2014
Page 2

Recently, Na El filed a motion to change the venue of this case, which it subsequently (and without explanation) withdrew. Na El then filed an answer with a counterclaim for infringement of its damask design; a claim that, as set forth below, is entirely lacking in merit.

Motion To Withdraw Claim

I recently contacted counsel for Na El, explained the circumstances regarding the incorrect information received from Lito, and sought to withdraw the damask claim (permission was required under FRCP 41 after a responsive pleading was filed). Surprisingly, counsel for Na El refused my request to simply withdraw the damask claim, and demanded that Zelouf make numerous concessions. Na El's refusal to consent to with withdrawal of the damask claim lacks any legitimate basis.

First, Zelouf acted properly in all respects, and included the two claims against Na El in the Amended Complaint (damask and plaid) based upon the documents and information produced by Lito. Moreover, Na El saw the infringing damask design on which Zelouf's suit was based from the outset, and could have easily advised that it did not supply the fabric which was the subject of that claim (Zelouf's damask and the third party's damask are dissimilar). Inexplicably, Na El neglected to clarify the issue. Na El also studiously withheld documents for months which would have revealed that a different supplier sold the infringing damask pattern to Lito. Finally, there has been no possible prejudice to Na El, since the parties had not even completed an initial exchange of documents when Zelouf sought to withdraw the damask claim against Na El.

Simply stated, Na El was the one party that could have easily corrected Lito's apparent error at the outset, but inexplicably failed to do so. Ironically, now that Zelouf has discovered the issue and is trying in good faith to correct the record (which would benefit Na El), Na El's counsel is resisting and trying to use its own inattention or misconduct as a sword to demand compensation. Zelouf is compelled to seeks permission from this Court to simply proceed in good faith and withdraw the damask claim.

Motion To Dismiss / For Summary Judgment

From the outset, counsel for Na El repeatedly asserted verbally in Court, in writing through motion papers and elsewhere that its damask design and the Zelouf damask design looked entirely dissimilar, and its design was not an infringement.[2] Nevertheless, when Zelouf filed its Amended Complaint and named Na El in connection with the damask pattern based

---

[2] As set forth above, had Na El simply looked at the fabric design on the Lito dress which was the subject of the claim it presumably would have noticed that it had not supplied that fabric to Lito.

**PRYOR CASHMAN LLP**

Hon. Andrew L. Carter, Jr. U.S.D.J.
August 1, 2014
Page 3

upon the information supplied by Lito, Na El asserted a counterclaim which alleges that Zelouf's damask design infringed its damask design.

Even though Na El has previously <u>admitted</u> that its damask design and Zelouf's damask design look nothing alike, and despite Zelouf's willingness to withdraw the claim and proceed only on the one plaid pattern supplied by Na El that it believes is an infringement, Na El refuses to withdraw its meritless counterclaim. Given that the Zelouf and Na El damask designs look different, and based upon Na El's repeated admissions that the designs look nothing alike, Zelouf also seeks leave to move to dismiss Na El's counterclaim alleging infringement.

Conclusion

Given the information that Lito recently supplied regarding the actual supplier of the infringing damask design, and the repeated statements by Na El that its damask design looks entirely different from Zelouf's damask, one would expect that Na El would be pleased to have the claim and counterclaim removed from the action (which could then proceed to discovery on a single claim of infringement). Instead, Na El has rejected repeated overtures by Zelouf to proceed in good faith, and now asserts an admittedly baseless claim in an improper bid for leverage.

We believe that this misconduct (refusing Zelouf's good faith request to withdraw a claim while prosecuting its claim for infringement based on designs that Na El has admitted look nothing alike) should also subject Na El to sanctions. Accordingly, any motion by Zelouf will also include a request for the imposition of sanctions.[3]

We request that the Court set a briefing schedule for such motion practice (or permit the parties to set a schedule). Alternatively, if Your Honor would like the parties to appear in Court, we are available and will bring the Zelouf damask design, the Na El damask design and the infringing damask design supplied to Lito by a third party.

---

[3] Na El has proceeded in bad faith throughout this litigation. By way of example, Na El filed a baseless motion to dismiss, which was subsequently denied by Your Honor. Na El immediately filed a baseless motion to transfer venue, supported only by the identical affidavit submitted in connection with the failed motion to dismiss. Na El then improperly withheld long-overdue documents which would have revealed that the motion to transfer venue was without merit, refused Zelouf's request to extend the deadline for opposition until the documents were produced, forced Zelouf to brief the motion, and then inexplicably withdrew the baseless motion after forcing Zelouf to prepare its opposition. Thereafter, Na El continued to withhold documents, requiring Zelouf to bring the discovery failures to the attention of Magistrate Judge Francis. Collectively, the conduct by Na El and its counsel in this matter has been egregiously poor.

# ■ Pryor Cashman LLP

Hon. Andrew L. Carter, Jr. U.S.D.J.
August 1, 2014
Page 4

Thank you in advance for Your Honor's consideration of this request.

Respectfully submitted,

Michael G. Goldberg

cc: The Honorable James C. Francis, U.S.M.J. *(via facsimile)*
    Scott A. Burroughs, Esq. *(via electronic mail)*
    Michael Steger, Esq. *(via electronic mail)*
    Zelouf International Corp. *(via electronic mail)*