# STEGER KRANE LLP

1601 Broadway, 12th Floor      30 Ramland Road, Suite 201
New York, NY 10019      Orangeburg, NY 10962
(212) 736-6800      (845) 359-4600
msteger@skattorney.com      (845) 689-2155 (fax)
www.skattorney.com

Honorable Andrew L. Carter, Jr.  (Via ECF)
United States District Judge
U.S. District Court — Southern District of New York
500 Pearl Street, Room 725
New York, NY 10007

    Re:     *Zelouf International Corp. v. Na El, Inc., et al.*, No. 13 CV 1788 (ALC) (JCF)

Dear Judge Carter:

    This firm represents Defendant and counterclaimant Na El, Inc. ("Na El") in the above-referenced action. We write to request a pre-motion conference in anticipation of a motion to dismiss Plaintiff Zelouf International Corp. ("Zelouf")'s claims and to summarily adjudicate the issue of substantial similarity in favor of Na El against Zelouf on Na El's counter-claim under Federal Rule of Civil Procedure 12(b)(6). The Court should dismiss Zelouf's claims for the following reasons:

    A.     *Zelouf's claims have no merit*

    Zelouf's remaining copyright claims must be dismissed because it cannot substantiate the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."). Motions to dismiss are particularly important in copyright infringement actions, which "lend themselves] readily to abusive litigation since the high cost of trying such a case can force a defendant who might otherwise be successful in trial to settle in order to avoid the time and expenditure of a resources intensive case." *National Business Development Service , Inc. v. American Credit Education & Consulting, Inc*., 299 Fed. App'x 509 2008 WL 4772074 *2 (6th Cir. 2008).

    In deciding Na El's motion, the Court can review and compare, at the very least, the designs at issue, and Zelouf's registrations. *Pension Benefit Guar. Corp. v. White Consol. Indus*., 998 F.2d 1192, 1196 (3rd Cir.1993)("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."). For purposes of the contemplated motion, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co*., 62 F.3d 69, 72 (2d Cir.1995) (*per curiam*).

    Zelouf initiated this action on March 18, 2013, alleging four separate claims of copyright infringement against Na El. Specifically, Zelouf alleged that Na El had copied four designs that Zelouf claimed to be proprietary to Zelouf.  When faced with incontrovertible evidence that Zelouf's claims against Na El were without merit, Zelouf dismissed its claims against Na El regarding two of the

designs, but it proceeded with its claims against Na El regarding the other two designs. Zelouf confirmed its allegations when it filed an amended complaint after receiving Court permission. The Amended Complaint named only Na El as a defendant, and alleged that Na El's designs were substantially similar to Zelouf's designs.

For the reasons set forth below these claims are as meritless as the two claims against Na El that Zelouf has already dismissed.

    1.    *Zelouf's claims regarding the stripe design should be dismissed*

One of the two remaining Zelouf claims concerns a design of simple stripes. Zelouf's claims regarding the stripes design must be dismissed for at least four reasons:

    **a.**    **Na El was marketing and distributing samples of its stripes design prior to Zelouf's publication of the designs**

Zelouf admits that it didn't show its stripes design to the public until a date after Na El begin marketing its stripes design. As such, it would have been impossible for Na El to copy a design that wasn't even yet in the market. For this reason alone, this claim should be dismissed.

Na El first marketed a sample of this design in October of 2006. Zelouf did not publish its design until two months later, in December of 2006. Given this chronology, Na El could not have copied Zelouf's design.

    **b.**    **Zelouf's design is not protectable**

Zelouf's design, which consists of a few cross-hatched lines, is not sufficiently original to warrant copyright protection. While the requisite level of creativity is low, it is not trivial. "Original, as the term is used in copyright, means... that it possesses at least some minimal degree of creativity." *Express, LLC v. Fetish Group, Inc.*, 424 F. 2d 1211, 1225. "[T]he amount of creative input by the author required to meet the originality standard...is **not negligible**." *Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir. 2003) (emphasis added). In this case, the stripes design, attached as Exhibit C to Zelouf's Amended Complaint is a basic, generic graphic work that fails to meet this standard. This design contains no protectable content.

    **c.**    **The statute of limitations expired years ago**

If Na El did infringe Zelouf's design, it did so back in 2006, when it began marketing this design. Since then, it has sold product bearing this design to numerous customers. Zelouf brought this case seven years after Zelouf first began marketing its design. Actions under the Copyright Act must be brought "within three years after the claim accrued." 17 U.S.C. § 507(b). As such, if any claims existed in connection with the stripes design, they expired in 2009.

    **d.**    **Zelouf fails to plead access**

Zelouf's complaint fails to allege the method through which Na El supposedly accessed its designs, which is fatal to the complaint. Access must be alleged and the "bare possibility of access is not enough." *Jason v. Fonda*, 698 F. 2d 966, 967 (9th Cir. 1982), See 4 M.B. Nimmer & D. Nimmer, NIMMER ON COPYRIGHT §13 .02[ A] (2013) ( "mere speculation or conjecture" is insufficient to establish access). Zelouf will not be able to plead access because Na El's design existed before Zelouf's design.

Given the above, Plaintiff intends to move to dismiss Zelouf's claims regarding the stripes design. Plaintiff will also request that the Court, if necessary, convert this motion to dismiss to a motion on the pleadings or for summary adjudication.

    *2.*    *Zelouf's claim in regard to the damask design should be dismissed with prejudice, and the issue of substantial similarity decided in favor of Na El*

The court should dismiss Zelouf's claims against Na El in regard to the damask design with prejudice, and summarily adjudicate the issue of substantial similarity in Na El's favor on its counterclaim regarding that design.

    **a.**    **Na El marketed and sold the design well before Zelouf**

Like the stripes design, the second design Zelouf accuses Na El of copying was also marketed by Na El prior to Zelouf showing its design to the public. The sales records produced thus far reflect that Na El was marketing and selling its damask design well before the date that Zelouf began marketing its design, a fact confirmed by Zelouf's registration. As such, there is no doubt that Zelouf's claims fail and must be dismissed with prejudice.

    **b.**    **Na El's counterclaim must be granted because Zelouf has judicially admitted that substantial similarity exists**

The Court should summarily adjudicate the issue of substantial similarity because Zelouf admitted in not one but two sets of pleadings that the Zelouf design and the Na El design are substantially similar, and copies of one another. No further discovery is needed on this issue given Zelouf's judicial admission.

The allegations in the Amended Complaint are "judicial admission[s]" by which Zelouf is "bound throughout the course of the proceeding." *Bellefonte Re Ins. Co. v. Argonaut Ins. Co*., 757 F.2d 523, 528 (2d Cir.1985) (party cannot contradict its own pleading with affidavits); *see also Soo Line R.R. Co. v. St. Louis Southwestern Ry. Co*., 125 F.3d 481, 483 (7th Cir.1997) ("judicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible") (internal quotation marks omitted).

Zelouf's allegations, made in both the initial and amended complaints, that Zelouf's design and the Na El design are substantially similar copies are "not evidence at all but rather have the effect of withdrawing a fact from contention." *Guadagno v. Wallack Ader Levithan Assoc*., 950 F.Supp. 1258,

1261 (S.D.N.Y.1997).Here, Zelouf pleaded in its original and amended complaints that Na El's damask design is substantially similar to its own, and has persisted with these allegations for almost *ten* months. This judicial admission requires at the very least summary adjudication of the substantial similarity issue.

      Based on the foregoing, Na El respectfully requests a pre-motion conference so that it may proceed with motion practice. I will be on vacation from August 18-24 and request that no conference be held during that week.

      Thank you for your consideration of this request.

                                          Sincerely yours,

                                          /s/ Michael D. Steger

cc:    Michael Goldberg, Esq. (via ECF)
        Stephanie Kline, Esq. (via ECF)
        Scott Burroughs, Esq.